**Tyler HOPKINS, Jr., Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 83–1245.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 1984.

Daniel Blum, Bethesda, Md., argued for petitioner. With him on brief was Louis Fireison, Bethesda, Md.

Robert A. Reutershan, Washington, D.C., argued for respondent, J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen, Asst. Director, Washington, D.C., and Beacham O. Brooker, Jr., Bethesda, Md., were on brief, for respondent; James Bennett, McLean, Va., of counsel.

Mary M. Jennings, Washington, D.C., argued for Merit Systems Protection Bd. on respondent's motion to reform caption.

Before MILLER and SMITH, Circuit Judges, and RE, Judge.[*]

EDWARD S. SMITH, Circuit Judge.

Petitioner Hopkins appeals from a decision by the Merit Systems Protection Board (MSPB) dismissing his request for attorney fees on the grounds of untimeliness. Additionally, the Department of Justice (Justice) and the MSPB have raised the matter of who is the proper respondent in this and

[*] The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

similar cases. Finally, Justice has moved to dismiss on the grounds that Hopkins' petition constitutes a "mixed" MSPB/discrimination case properly lying in the district court. We have denied Justice's motion to dismiss,[1] and today we affirm the MSPB on its dismissal for untimeliness and hold that the MSPB is the proper respondent.

### Background

Hopkins successfully appealed from, and obtained reversal of, his termination from employment as a United States deputy marshal. In appealing his removal to the MSPB, Hopkins claimed that Justice had discriminated against him on two grounds: race (black) and physical handicap (eyesight problem). Initially, the MSPB field office dismissed without prejudice Hopkins' petition, noting that he had filed a complaint with the Equal Employment Opportunity Office. When no action resulted from this complaint, Hopkins resubmitted his MSPB appeal. The full MSPB finally rejected both of Hopkins' discrimination claims but ordered Hopkins reinstated on the grounds that his removal did not promote the efficiency of the service.

The final MSPB opinion and order reinstating Hopkins was dated March 24, 1982, and was received at the office of Hopkins' attorney on March 31, 1982, with a postmark indicating it was mailed on March 26. Hopkins' attorney then had hand-delivered to the MSPB a request which the MSPB received at 5:25 p.m. on April 12, 1982, for attorney fees "in the interest of justice," according to the provisions of 5 U.S.C. § 7701(g)(1) (1982).[2] More than one year later the MSPB dismissed Hopkins' attorney fee request as untimely filed. Hopkins seeks judicial review of that dismissal here.

### Opinion

#### I.

██ Initially, we address our denial of Justice's motion to dismiss, filed 3 working days before oral argument in this case.

Justice contended that this is a "mixed" case involving discrimination claims, such that jurisdiction properly lies not in this court but in the United States district court, in accordance with our decision in *Williams v. Department of the Army,* 715 F.2d 1485 (Fed.Cir.1983). Justice's argument misses, however, the nature of Hopkins' petition here. He is requesting review of the MSPB's dismissal for untimeliness of an attorney fee request, not review of the MSPB decision on the merits of Justice's attempted removal action. That MSPB decision on the merits was explicitly *not* based on either race or physical handicap discrimination grounds. More importantly, Hopkins himself has opposed the motion to dismiss because the case is no longer "mixed"; all parties have abandoned any claims relating to discrimination. Hopkins' position is both rational and practical: he has attained before the MSPB the objective he sought—reversal of Justice's removal and his reinstatement. It would be an academic exercise wasteful of both Hopkins' and judicial resources for him to pursue review of his earlier discrimination claims. We have therefore denied Justice's motion to dismiss. *Meehan v. United States Postal Service,* 718 F.2d 1069 (Fed.Cir.1983).

#### II.

██ Regarding the untimeliness issue, the pertinent MSPB regulation states explicitly that attorney fee requests "shall be made by motion within 10 days of final date of a decision [by the MSPB]." 5 C.F.R. § 1201.37(a)(2) (1982). Counting 10 calendar days from the final decision of March 24 here at issue, one reaches April 3, 1982, a Saturday, to be counted as April 5, the business day Monday. *Id.* §§ 1201.4(i), 1201.23. Hopkins did not file his request until after hours on April 12, clearly beyond the 10-day deadline. *Id.* § 1201.22(c). Hopkins' argument that his filing was in fact timely because the 10-day period should be counted from date of receipt of

---

1. By order of this court, dated December 15, 1983.

2. All further section references are to title 5, U.S.C., except where otherwise indicated.

the MSPB decision is contrary to these regulations, and we reject it.

■ Alternatively, Hopkins contends that the MSPB presiding official should have exercised his discretion to waive the time limit "for good cause shown." *Id.* § 1201.12. Our consideration of this contention is limited to whether the MSPB's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Phillips v. United States Postal Service,* 695 F.2d 1389, 1390 (Fed.Cir.1982). We will not substitute our judgment for the MSPB's in a matter committed to the MSPB's discretion, absent abuse of such discretion. *Id.*

■ We find no such arbitrariness or error, given that Hopkins, heretofore competently represented by counsel, sets forth no good cause for the late filing. Hopkins' only arguments are that the Government, as found by the MSPB, suffered no prejudice from the late filing, and that the very active nature of the case reasonably caused Hopkins' attorneys to focus, instead, on his proper job reinstatement. These arguments avoid the simple fact that Hopkins' attorneys need only have requested the MSPB for an extension for filing the fee request, given that they did not receive it until 5 calendar days before it was due. At a minimum they could have telephoned the MSPB for clarification, if they were confused about the filing deadline. The record reflects no such attempt(s). We therefore hold that the MSPB has not abused its discretion and affirm the dismissal for untimely filing.

### III.

■ Justice and the MSPB have both raised, briefed, and argued orally before this court the matter of who is the proper respondent in this case—Justice as the employing agency, or the MSPB as the agency whose regulations regarding timely filing are here at issue. We look to the appropriate statutes, legislative history, and this court's precedent to resolve this question.

Section 7703, concerning judicial review of MSPB decisions, states:

(a)(1) Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.

(2) The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. In review of a final order or decision issued under section 7701, *the agency responsible for taking the action appealed to the Board shall be the named respondent.* [Emphasis supplied.]

Section 7701 concerns appellate procedures whereby an employee, or applicant for employment, may appeal from the agency to the MSPB. Section 7701(a) provides that: "Appeals shall be processed in accordance with regulations prescribed by the Board."

Taking these statutes on their face, it is reasonable to conclude that Congress intended the MSPB to be named respondent in all cases brought before this court, except that in the specific instance where a petitioner seeks review of an MSPB decision issued under section 7701 the agency "responsible for taking the action appealed to the Board" shall be named respondent. In the case at hand the employing agency, Justice, has not been "responsible for taking the action appealed to the Board"; indeed, no such agency action regarding attorney fees has occurred. Rather, the MSPB has acted by rejecting the fee request on the basis of its own appellate procedural regulations, properly promulgated pursuant to the authority Congress provided under section 7701(a). In such a situation involving purely the MSPB's own appellate procedures, where the employing agency has had no responsibility or involvement whatsoever, logic dictates that Congress intended the MSPB to be named respondent, and that the exception for the

agency, a mere bystander in this case, does not apply.

Regarding the legislative history on this matter, we have examined it and find it ambiguous. The most detailed comment is contained in the Senate Report on the Civil Service Reform Act of 1978:

> In the interest of clarity, the subsection specifies that when judicial review is sought of an agency action appealed to the Board under Section 7701, the aggrieved employee or applicant should bring the suit against *the agency that took the personnel action in question, not the Board.* * * * If any employee does seek judicial review of an agency action reviewed by the Board, the Board has the right to intervene in the proceeding. This will be particularly useful where the appeal raises *questions of particular significance to the Board, such as the validity of the procedures followed by the Board in the case.* [Emphasis supplied.]

S.REP. NO. 969, 95th Cong., 2d Sess. 62–63, *reprinted in* 1978 U.S.CODE CONG. & AD. NEWS 2723, 2784–85.

On the one hand, one could interpret this comment as supporting our reading of the statute above. However, one could as well infer that even where procedural issues are involved in section 7701 cases, the agency remains the respondent before this court. This latter view certainly is reasonable in appeals involving issues both on the merits of an agency's action and on the MSPB's procedures, and we do not intend to disturb the practice to date of naming the agency as respondent in such cases. In cases such as the one at bar involving only a matter of MSPB appellate procedure (filing deadline), our view remains that the better practice and the one intended by Congress is to name the MSPB respondent.

We are aware that one could logically and reasonably analogize this situation to

that of an interlocutory appeal from a court or judicial body, in which the caption would remain on appeal as it was styled before the trial entity. In that situation an appellant does not, *e.g.,* name a district court judge appellee where, for example, that judge has rejected a motion or paper for untimely filing. Certainly we recognize the logic and administrative convenience of maintaining the caption as originally styled in those analogous situations. However, those analogies, while helpful, do not perfectly apply here, where we have a statute which Congress has enacted expressly to address the matter of who shall be named respondent. We cannot disregard that statutory language and proceed either as if the MSPB were a federal district court, or as convenience might dictate. We must exercise our judicial duty to interpret the law, and have done so here, holding that the MSPB is the proper respondent.

This court has twice so concluded, albeit by footnote, in the past year. *Phillips,* 695 F.2d at 1390 n. 2; *Rosano v. Department of the Navy,* 699 F.2d 1315, 1316 n. 4 (Fed.Cir. 1983). *Phillips* concerned an MSPB filing deadline regulation nearly identical to that here at issue. *Rosano* concerned the MSPB's dismissal for lack of jurisdiction over an employee's religious objections to certain coverage of the federal employees health benefits program. In both cases, as here, the action for which the petitioner sought judicial review was the MSPB's, not the employing agency's. In neither case, nor here, did the MSPB reach the merits of the agency's action. In short, the touchstone for determining who is to be named respondent is Congress' own words, "the agency responsible for taking the action." § 7702(a)(2). If parties before this court keep in mind this statutory concept, then the confusion which has been occurring regarding the proper respondent in cases such as these will, we hope, be dispelled.[3]

---

3. While we need not reach the issue here, we believe it useful to address the question of who is respondent in appeals to this court for review of MSPB decisions granting or denying attorney fee requests "in the interest of justice" under § 7701(g)(1). This issue would have

arisen here, for example, if Hopkins had timely filed his fee request, the MSPB had rejected it on the merits, and he had appealed that rejection to this court. In that situation, for the same reasons as enunciated above, we believe that the MSPB should be named respondent

 

For all of the above reasons, Justice's motion to dismiss has been denied, the MSPB's dismissal of Hopkins' attorney fee request is today affirmed, and the MSPB is the proper respondent in this case.

AFFIRMED.

since it is the "agency responsible for taking the action"—*i.e.,* requiring the employing agency to pay attorney fees. § 7701(g)(1). We recognize that the plain language of § 7703(a)(2), referring to a final order or decision "issued by the Board under section 7701," could be construed the other way, since attorney fee requests are filed under § 7701. Nevertheless, the "agency responsible for taking the action" is not the employing agency but the MSPB, where "action" is interpreted to mean action on the attorney fee request.