Catherine L. PETERSON, Petitioner,

v.

**DEPARTMENT OF ENERGY,**
Respondent.

Appeal No. 84–1035.

United States Court of Appeals,
Federal Circuit.

June 15, 1984.

Before RICH, DAVIS and BALDWIN,
Circuit Judges.

ORDER

Petitioner, Catherine L. Peterson (Peterson), by this appeal seeks review of the accounting method employed by the Merit Systems Protection Board (MSPB) for calculating attorney fees pursuant to 5 U.S.C. § 7701(g). Peterson is represented by the National Treasury Employees Union (NTEU).

NTEU, on April 23, 1984, moved this court to add the MSPB as party-respondent in the above captioned case, seeking to correct its naming of the Department of Energy (DOE), the employing agency, as respondent, in light of the recent ruling of this court in *Hopkins v. MSPB*, 725 F.2d 1368, 1372 n. 3 (1984).

Also, on April 24, 1984, the MSPB and DOE jointly moved for a *ruling* that DOE, the agency which took the *underlying* personnel action, is the proper respondent.

The footnote in *Hopkins* relied on reads:

3. While we need not reach the issue here, we believe it useful to address the question of who is respondent in appeals to this court for review of MSPB decisions granting or denying attorney fee requests "in the interest of justice" under § 7701(g)(1). This issue would have arisen here, for example, if Hopkins had timely filed his fee request, the MSPB had rejected it on the merits, and he had appealed that rejection to this court. In that situation, for the same reasons as enunciated above, we believe that the MSPB should be named respondent since it is the "agency responsible for taking the action"—*i.e.*, requiring the employing agency to pay attorney fees. § 7701(g)(1). We recognize that the plain language of § 7703(a)(2), referring to a final order or decision "issued by the Board under section 7701," could be construed the other way, since attorney fee requests are filed under § 7701. Nevertheless, the "agency responsible for taking the action" is not the employing agency but the MSPB, where "action" is interpreted to mean action on the attorney fee request.

NTEU interprets this footnote, saying, "The Court there states that appeals from MSPB attorney's fees decisions must name the MSPB as respondent. In order to comply with this [*Hopkins*] decision, NTEU files the instant motion."

While the footnote referred to is admittedly dictum, it follows the dispositive reasoning of the case which held, "In short, the touchstone for determining who is to be named respondent is Congress' own words, 'the agency responsible for taking the action.' [5 USC] § 7702(a)(2) [sic § 7703(a)(2)]."

The issue before us is whether the *method* of calculation employed by the MSPB was correct. We find that the MSPB is responsible for taking the action in issue according to the statute, i.e., selecting the method of calculation. Accordingly, we find that the MSPB is the proper party and NTEU's motion to add the MSPB as party respondent is *granted*. The joint motion of MSPB and DOE to rule that DOE, rather than the MSPB, is the proper respondent is *denied*.