**John G. HAGMEYER, Petitioner,**

v.

**DEPARTMENT OF the TREASURY, Respondent.**

**Appeal No. 86–1136.**

United States Court of Appeals, Federal Circuit.

Jan. 16, 1987.

See also, D.C., 647 F.Supp. 1300.

Peter J. Carre, Washington, D.C., submitted for petitioner.

Mary L. Jennings, Associate Gen. Counsel for Litigation, Merit Systems Protection Bd., Washington, D.C., argued for the Merit Systems Protection Bd. With her on brief were Llewellyn M. Fischer, Acting Gen. Counsel, Marsha E. Mouyal, Reviewer for Litigation and Stephanie M. Conley.

David M. Cohen, Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for Dept. of The Treasury. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., Robert A. Reutershan and Stephen J. McHale.

Before MARKEY, Chief Judge, FRIEDMAN, RICH, DAVIS, SMITH, NIES, NEWMAN, BISSELL and ARCHER, Circuit Judges.

### ORDER

ARCHER, Circuit Judge.

In this appeal of the denial by the Merit Systems Protection Board (MSPB or board) of attorney's fees, the board was initially designated as respondent, consistent with the decisions of this court in *Hopkins v. Merit Systems Protection Board*, 725 F.2d 1368 (Fed.Cir.1984), and *Peterson v. Department of Energy*, 737 F.2d 1021 (Fed. Cir.1984). On May 28, 1986, the board filed a motion to reform the caption by substituting the Department of the Treasury as respondent. In doing so, it advanced an interpretation of *Peterson* that would call for the board to be the respondent "in attorney fee cases only when they involve the articulation of a new rule of law by the Board...." Otherwise, the board pro-

posed that the employing agency would be named respondent.

The board's motion, while seeking to reconcile *Peterson* with its approach for determining the proper respondent, inherently raised the question of whether or not *Peterson* and, in turn, *Hopkins*, on which *Peterson* relied, had been properly decided. The correctness of those decisions had also been questioned in recent decisions of this court in *Van Fossen v. Merit Systems Protection Board*, 788 F.2d 748, 751 n. 8 (Fed. Cir.1986), and *Keely v. Merit Systems Protection Board*, 793 F.2d 1273, n. * (Fed.Cir. 1986). *See also Howell v. Merit Systems Protection Board*, 785 F.2d 282 (Fed.Cir. 1986); *Tiffany v. Department of the Navy*, 795 F.2d 67 (Fed.Cir.1986).

On August 21, 1986, this court issued an order requesting further briefing by the board and from the Department of Justice, as representative of the Treasury Department and other employing agencies, on the question of proper respondent. Pursuant to order, this issue was heard by the court, *in banc*, on January 5, 1987.

 The court has concluded, *in banc*, that MSPB is not the proper party respondent in appeals to this court in cases in which the appellate jurisdiction of the board under 5 U.S.C. § 7701 (1982) was invoked, or was sought to be invoked, by a petitioner to the board. Thus, the MSPB should not be named as the respondent in an appeal from the denial of attorney's fees by the board or in an appeal from a dismissal by the board for lack of jurisdiction or for untimeliness.

Accordingly, IT IS ORDERED that

1. The MSPB's motion to reform the caption filed on May 28, 1986 is granted. The merits briefs filed herein by the Department of the Treasury shall be treated as the briefs of respondent and those of the MSPB shall be treated, in the absence of a motion to intervene, as briefs amicus curiae.

2. The MSPB shall continue to be the respondent in all other cases which have been docketed with that caption as of the date of this order.

3. Hereafter, the MSPB shall not be the respondent in an appeal to this court from a decision of the MSPB in which the appellate jurisdiction of the board under 5 U.S.C. § 7701 (1982) was invoked, or was sought to be invoked, by a petitioner to the board.

An opinion amplifying this order will be issued later.