Kim L. HAMILTON, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 94–3195.

United States Court of Appeals, Federal Circuit.

Jan. 26, 1996.

Kim L. Hamilton, Sterling, Virginia, submitted Pro Se.

Lee A. Black, Arlington, Virginia, was on the brief Amicus Curiae in support of petitioner.

Eric D. Flores, Attorney, Merit Systems Protection Board, of Washington, D.C., submitted for respondent. With him on the brief were Mary L. Jennings, Acting General Counsel and Martha B. Schneider, Assistant General Counsel.

Peter B. Broida, of Arlington, Virginia, was on the brief for Amicus Curiae, Federal Circuit Bar Association. Of counsel was Kenneth J. Nunnenkamp, Finnegan & Henderson, Washington, D.C.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Assistant Director and Agnes M. Brown, Attorney, Commercial Litigation Branch, Department of Justice, Washington, D.C., were on the brief for Amicus Curiae, United States Postal Service.

Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge *, and RADER, Circuit Judge.

NIES, Senior Circuit Judge.

## I.

The appeal of Kim L. Hamilton to the Merit Systems Protection Board, Docket No. DC–0752–93–0669–I–1 (January 5, 1994), was dismissed *sua sponte* by the Administrative Judge for untimely filing. The full Board refused to consider Hamilton's petition for review accompanied by evidence showing her appeal was timely. Because of serious questions regarding the Board's procedures and ruling on timeliness, the panel requested additional briefing on the following issues:

* Judge Nies presided but assumed Senior status on November 1, 1995, after the hearing.

May the Merit Systems Protection Board, *sua sponte,* raise the issue of the untimeliness of an appeal to the Board taken pursuant to 5 U.S.C. § 7701(a), or is untimeliness an affirmative defense which is waived if not raised by the Agency? Please discuss which party should have the burden of proof regarding the timeliness of the appeal. Please also discuss the legal basis, if any, for the Board's current practice of raising untimeliness *sua sponte,* and 5 C.F.R. § 1201.56(a)(2) (1993), which places the burden of proof regarding timeliness on the Appellant.[1]

For the reasons set forth below, we hold that the MSPB may raise the issue of timeliness. However, Hamilton was denied a fair opportunity to establish that her appeal was timely, and we hold that the dismissal of Hamilton's appeal for untimeliness was arbitrary. 5 U.S.C. § 7703(c) (1988).[2] Accordingly, we reverse and remand for consideration of the merits of her case.

## II.

### BACKGROUND

Kim Hamilton worked as an Air Traffic Control Specialist for the Federal Aviation Administration ("the FAA"). In 1989, Hamilton was receiving training for her position at the Washington ARTC Center in Leesburg, Virginia. Despite completing maximum training, Hamilton was declared a training failure on April 23, 1990. Her removal was effected on May 17, 1991.

Shortly after her removal, Hamilton filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that her removal resulted from sex discrimination and as reprisal for two earlier filed complaints. The earlier complaints also alleged sex discrimination. The EEOC dismissed Hamilton's case be-

cause her charge of discrimination was asserted in connection with her termination, a personnel action appealable to the MSPB. As noted in its order of dismissal, under 29 C.F.R. § 1614.302(d), an individual who elects to file a mixed case, that is, one seeking to overturn an adverse personnel action on the ground of discrimination, must first proceed before the employing agency and the MSPB. Accordingly, the case was sent to the FAA for investigation and decision.

The FAA issued a final decision on June 21, 1993, concluding that Hamilton had not been the victim of discrimination. The letter accompanying the decision correctly stated, "Within 20 days of **your receipt** of this final decision, you have the right to appeal this decision to the [MSPB]." (Emphasis added.)

Hamilton's appeal papers were mailed by certified mail to the Board on August 13, 1993. Upon receipt, the AJ issued a lengthy form letter designated an "Acknowledgement Order" containing directives to both parties on procedures to be followed, as discussed more fully hereinafter, and advising that failure to follow the AJ's orders could result in the imposition of sanctions under 5 C.F.R. § 1201.43 (1991). As part of the Order, the AJ *sua sponte* questioned the timeliness of the appeal without, however, providing information respecting the dates on which the AJ relied and ordered Hamilton to submit evidence and argument to establish that her appeal was timely or that good cause existed for the delay.

Hamilton timely responded to the above Order on August 30, 1993, supplying a copy of the Certified Mail receipt showing that she had mailed her appeal on August 13, 1993. However, she did not submit evidence showing when she received the FAA's decision, nor did she ask for a waiver of the time limit for good cause. The FAA filed a very brief

---

1. The court acknowledges with appreciation the briefs *amici curiae* filed by the U.S. Postal Service and by the Federal Circuit Bar Association. The MSPB, which at the time had only two members, presented a brief which stated the conflicting views of these members.

2. Section 7703 of Title 5 provides the following standard of review:

(c) In any case filed in the Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—
(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence.

conclusory response asserting only that Hamilton had not met her burden of proving her appeal was timely filed and requested dismissal of her case.

On September 29, 1993, the AJ issued his decision, dismissing Hamilton's appeal for untimeliness. The AJ ruled that Hamilton had not proved when she received the FAA's decision and that it was "reasonable to presume" that appellant received it on June 26, 1993, five days after the **date** of the decision. Under this rationale, her appeal filed on August 13, 1993, was late and he dismissed her case.

Upon receiving the above ruling, Hamilton promptly sought to obtain a copy of the postal form from the post office showing when she signed for the copy of the FAA's decision. The post office supplied a copy showing her receipt on July 26, 1993, not June 26, 1993. She then submitted the postal form and requested the AJ to review the evidence and reinstate the appeal, arguing that the Agency had failed to act in good faith in seeking dismissal when it had the original receipt and knew, or should have known, her appeal was timely. The submission was docketed as a petition for review by the full Board.

The FAA opposed further review on the ground that the petition did not satisfy the criteria for full board review under 5 C.F.R. § 1201.115(c). Particularly, the applicable regulation provides for review where

(1) New and material evidence is available that, despite due diligence, was not available when the record closed.

The FAA argued that the postal receipt was not new evidence within the meaning of the regulation, that it had not acted in bad faith because it was not required to respond or furnish evidence on timeliness, and that if Hamilton had needed more time to obtain the document to submit it to the AJ, she should have requested an extension of time. Also, she could have requested the postal receipt from the FAA and did not. Thus, the FAA

argued, Hamilton did not exercise due diligence. The FAA never furnished the original postal receipt which it had or should have had in its file.[3]

The full Board denied the petition for failure to meet the standard of new evidence required for its review, and this appeal followed.

### III.

#### JURISDICTION OF THIS COURT

 This court has jurisdiction over this appeal pursuant to 5 U.S.C. § 7703(b)(1). While this court has no jurisdiction to review the merits of a mixed case, *Williams v. Department of the Army*, 715 F.2d 1485 (Fed. Cir.1983) (*in banc*), the court will entertain an appeal from the MSPB in any case where the complaint was dismissed on the grounds of untimely filing of the employee's complaint to the MSPB. *Wallace v. Merit Sys. Protection Bd.*, 728 F.2d 1456, 1458 (Fed.Cir.1984). In such appeals, the MSPB, as the acting agency, is named respondent rather than the petitioner's employing agency. *See Amin v. Merit Sys. Protection Bd.*, 951 F.2d 1247 (Fed.Cir.1991). Thus, we have jurisdiction over the subject appeal which raises only timeliness issues.

### IV.

#### TIMELINESS

The timeliness of Hamilton's appeal, which involves allegations of discrimination, is governed by 5 C.F.R. § 1201.154 (1993).[4] That regulation states in pertinent part:

Appellants who file appeals raising issues of prohibited discrimination in connection with a matter otherwise appealable to the Board must comply with the following time limits:

(b) If the appellant has filed a timely formal complaint of discrimination with the agency:

(1) An appeal must be filed within 20 days [now 30] after the appellant receives

---

3. The FAA obtained an extension of time to supply its file on Hamilton. Whether the file was submitted is not shown by the record before the court.

4. Unless otherwise noted, all citations to the Code of Federal Regulations are to the 1993 edition.

the agency resolution or final decision on the discrimination issue;

In the event that an appeal to the Board is untimely filed, section 1201.22(c) provides that the appeal "will be dismissed as untimely filed unless a good reason for the delay is shown."

■ This regulation was issued pursuant to 5 U.S.C. § 7701(j) (1988) which provides that the MSPB "may prescribe regulations to carry out the purpose of this section." As this court stated in *Phillips v. United States Postal Service*, 695 F.2d 1389, 1390–91 (Fed. Cir.1982), the Board has discretion to "requir[e] that appeals be processed in accordance with regulations prescribed by the Board."

*Regulatory Procedure or Affirmative Defense?*

The issue of the timeliness of an appeal to the Board has had a surprisingly complex and tortuous history. In its earliest decisions, the Board considered a timely appeal necessary to establish the Board's jurisdiction. *See, e.g., Butler v. Department of Interior*, 9 MSPB 305, 10 M.S.P.R. 25 (1982) (vacating initial decision and remanding case for hearing on "the jurisdictional issue" of the timeliness of the petition). Thus, it followed that the Board could, indeed, was obligated to raise the timeliness issue *sua sponte* and to place the burden on the appellant to prove timeliness as with any other jurisdictional issue. *See Hambsch v. United States*, 857 F.2d 763, 764–65 (Fed.Cir.1988), *cert. denied*, 490 U.S. 1054, 109 S.Ct. 1969, 104 L.Ed.2d 437 (1989). In *Wallace*, 728 F.2d at 1458 n. 2, this court noted that the time for filing an appeal to the MSPB was fixed only by regulation, not statute, and, thus, was not jurisdictional. Not being a jurisdictional issue, we questioned at that time the practice of the Board in raising a nonjurisdictional issue *sua sponte*, *id.*, but the *Wallace* case was decided on other grounds. In any event, the MSPB has continued to raise the issue of timeliness *sua sponte* in its Acknowledgement Orders, as it did in this case.

Other litigation related to timeliness has concerned naming the proper respondent in an appeal to this court. The Department of Justice normally handles the case for the employing agency before the MSPB and in this court. In connection with appeals to this court related to timeliness, however, the MSPB asserted that it was the proper respondent. The Department of Justice disputed this contention. This dispute arose because of the cryptic language of 5 U.S.C. § 7703(a)(2) (1982), which then provided:

The Board shall be the named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision issued by the Board under section 7701. In review of a final order or decision issued under section 7701, **the agency responsible for taking the action appealed to the Board shall be the named respondent.** [Emphasis added.]

Thus, in some appeals, the Board is the respondent [5] while in others the employing agency or OPM must be named.

In *Hopkins v. Merit Systems Protection Board*, 725 F.2d 1368 (Fed.Cir.1984), this court undertook an analysis of the timeliness regulations. In *Hopkins*, the Board rejected an application for attorney fees because of the untimeliness of the request under 5 C.F.R. § 1201.37(a)(2) (1982). In affirming that rejection, this court examined the statutory provision respecting the appropriate respondent and concluded that because the employing agency had taken no action appealed to the Board respecting the attorney fee request and was essentially a mere bystander, the MSPB was the appropriate respondent as "the agency responsible for taking the action." 5 U.S.C. § 7703(a)(2). This court reasoned:

Rather, the MSPB has acted by rejecting the fee request on the basis of its own appellate procedural regulations, properly promulgated pursuant to the authority Congress provided under section 7701(a). In such a situation involving purely the

---

**5.** *See* S.Rep. No. 969, 95th Cong., 2d Sess. 62–63 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2784–85.

MSPB's own appellate procedures, where the employing agency has had no responsibility or involvement whatsoever, logic dictates that Congress intended the MSPB to be named respondent, and that the exception for the agency, a mere bystander in this case, does not apply.

*Id.* at 1371–72. *Accord Phillips,* 695 F.2d at 1390 n. 2. Thus, this court in *Hopkins* treated the timeliness regulations as merely a procedural matter affecting the MSPB, rather than the agency.

The issue of the proper respondent on timeliness issues was revisited by the court in *Hagmeyer v. Department of Treasury,* 852 F.2d 531 (Fed.Cir.1988) (*in banc*), another case involving an attorney fee request. The court noted that the *Hopkins* rule had not proved entirely workable, particularly because the MSPB as respondent was not in a position to settle the case on the merits, a problem disclosed in *Van Fossen v. Merit Systems Protection Board,* 788 F.2d 748, 751 n. 8 (Fed.Cir.1986). *Hagmeyer,* 852 F.2d at 535. The *in banc* court rejected the MSPB's view that its decisions on the threshold issues of timeliness and jurisdiction are implicitly made under the Board's broad authority to adjudicate all matters within its jurisdiction (5 U.S.C. § 1205(a)) and to litigate on its own behalf (5 U.S.C. § 1205(h)). Overturning *Hopkins* and its progeny, the *in banc* court held that where a petitioner has invoked, or sought to invoke, the Board's appellate jurisdiction under section 7701, the respondent before the MSPB, that is, the employing agency, remained the respondent upon judicial review by this court even though the appeal involved timeliness or jurisdictional issues. *Hagmeyer,* 852 F.2d at 540.

Shortly thereafter, the dispute between the Justice Department and the MSPB was aired before Congress in connection with MSPB's proposed amendment to the statute to overturn this court's decision in *Hagmeyer.* The Justice Department argued that it was unseemly for the MSPB to defend its own decisions in the courts and that the employing agency, not the MSPB, was the real party in interest in the case and should be the respondent, as held in *Hagmeyer. Whistleblower Protection Act of 1987: Hear-ings on H.R. 25 Before the Subcommittee on Civil Service,* 100th Cong., 1st Sess. 18–19 (1987) (statement of Stuart E. Schiffer, Deputy Assistant Attorney General, Civil Division, Department of Justice). The MSPB countered that the MSPB should be armed with litigating authority to defend its decisions (like, *e.g.,* the National Labor Relations Board) where the merits of the personnel action taken by the agency were not in issue. *Id.* at 237 (response of Llewellyn M. Fischer, General Counsel of the Merit Systems Protection Board, to written questions submitted by the Subcommittee). Congress adopted the position of the MSPB over that of Justice. As stated in the legislative history:

Until January 1987, the Board had the authority to defend some of its decisions in court. Up until that time, the Federal Circuit Court had issued a series of decisions holding that the Board was the appropriate statutory respondent in cases involving jurisdictional and procedural issues where the merits of the underlying personnel action was not at issue (*e.g., Hopkins v. MSPB* (725 F.2d 287 [1368] (Fed.Cir. 1984)). However, in *Hagmeyer v. Department of Treasury* (809 F.2d 1581 (Fed.Cir. 1987)), the Court of Appeals for the Federal Circuit reversed its own precedent and held that the employing agency should be the respondent in all employee appeals to that Court.

S. 508 would reverse the *Hagmeyer* decision and provide the Board with the litigating authority established under *Hopkins* and similar decisions. The bill would provide that the Board be the respondent in appeals involving jurisdictional and procedural matters, which are matters purely within the Board's jurisdiction, which [sic, while] the employing agency would be the respondent in cases involving the underlying personnel action or attorney's fees.

S.REP. No. 413, 100th Cong., 2d Sess. 21–22 (1988). Specifically, as amended, section 7703(a)(2) now reads:

The Board shall be named respondent in any proceeding brought pursuant to this subsection, unless the employee or applicant for employment seeks review of a final order or decision on the merits on the

underlying personnel action or on a request for attorney fees, in which case the agency responsible for taking the personnel action shall be the respondent.

■ Given the entirety of this jurisprudential and statutory history, we must conclude that Congress, by reinstating the *Hopkins* rule, mandated that the regulations fixing time periods be treated as a procedural matter in which the MSPB is the party in interest, not a substantive defense of the employing agency, comparable to a statute of limitations.[6] As further support for this conclusion, we note that the MSPB has discretion under 5 C.F.R. § 1201.12 to waive the untimeliness of an appeal. This authority negates timeliness being an affirmative defense of the employing agency. Moreover, no statutory provision identifies the time period set by regulation as an affirmative defense of the employing agency. An employing agency has, for example, no right to court review of an MSPB ruling on timeliness nor, on appeal, could it defend against the merits on the ground that the MSPB improperly waived its regulation respecting timeliness of the petition. The agency may only seek to persuade the MSPB that waiver would prejudice its case. *Womack v. Merit Sys. Protection Bd.,* 798 F.2d 453, 456 (Fed.Cir.1986).

■ Timeliness regulations being directed to MSPB docket control and orderly procedures, and the MSPB being the litigating respondent on appeals involving timeliness, we conclude the Board may *sua sponte* raise the issue of an appellant's compliance with its regulations respecting timeliness.[7]

*The Merits*

■ Having concluded that the Board may *sua sponte* raise the issue of timeliness, we, nevertheless, conclude that the Board erred

in a rush to judgment against Hamilton. Upon review of the record, we conclude the procedures followed by the AJ failed to afford Hamilton a full and fair opportunity to litigate the issue.

The only opportunity given Hamilton (denominated "appellant" before the Board) to establish timeliness was in response to the Acknowledgement Order ["the Order"]. That Order is directed to both parties and contained six pages of general instructions, together with six pages of enclosures. The Order provided information on the appellant's right to a hearing if requested; directed appellant to submit evidence and argument within 15 days to prove that the appeal was within the Board's jurisdiction and timely filed; directed the filing of an enclosed "Designation of Representative" form; ordered good faith negotiations for settlement and discussed procedures to enforce any agreement reached; explained and set out discovery procedures; explained the appellant's right to reply to agency motions; gave instructions on the size of paper to be used, the need for certificates on any submissions, calculations of filing dates and extensions of time; and incorporated by reference the Board's regulations in 5 C.F.R. Parts 1201 and 1209 (not enclosed). The Agency was ordered to submit material set out in a schedule and other information required by 5 C.F.R. § 1201.25 within 20 days of the date of the Order; to designate a representative; and to negotiate with appellant in order to define the issues, agree to stipulations, and pursue settlement of the case.

The Order is a formidable document to digest, particularly as some of the stock paragraphs may be inapplicable. For example, there was no basis for raising a question respecting the Board's jurisdiction in this case, an issue on which the AJ ordered evi-

---

6. The timeliness provisions of the MSPB are, thus, comparable to the rules or orders of this court setting times for filing motions, briefs, petitions for rehearing, and the like, which may be waived by the court. *See American Farm Lines v. Black Ball Freight Serv.,* 397 U.S. 532, 539, 90 S.Ct. 1288, 1292, 25 L.Ed.2d 547 (1970) ("[T]he general principle [is] that '[i]t is always within the discretion of a court or an administrative agency to relax or modify its procedural rules

adopted for the orderly transaction of business before it when in a given case the ends of justice require it.'") (quoting *National Labor Relations Bd. v. Monsanto Chemical Co.,* 205 F.2d 763, 764 (8th Cir.1953)).

7. Our ruling does not, however, preclude the issue of timeliness from being raised on motion by the Agency as well.

dence and argument. The part of the Order related to timeliness reads as follows:

> You must file an appeal with the Board within 20 days of your receipt of the agency's final decision on your discrimination complaint. 5 C.F.R. 1201.154(b)(1). The date your appeal is postmarked is ordinarily considered the date of filing. If you personally deliver your appeal to the regional office, the date of filing is the date of receipt. If you file by facsimile, the date of filing is the date of the facsimile. Because your appeal appears to have been filed after the time limit, it may be untimely filed.

> You have the burden of proof on the issue of timeliness. Accordingly, I **ORDER** you to file evidence and argument showing that your appeal was timely filed or that good cause existed for the delay. Your submission must be filed within 15 days of the date of this Order. The agency may file a response on this issue within 25 days of the date of this Order. Unless I notify you to the contrary, the record on this issue will close on that date. No evidence or argument on the timeliness issue filed after the close of record will be accepted unless you show that it is new and material evidence that was unavailable before the record closed.

As indicated, Hamilton timely responded to the Order with evidence showing when she filed her appeal. Given the AJ's extended explanation of what constituted **the date of filing,** a person carefully reading the Order could reasonably conclude that the AJ was unable to determine the filing date of Hamilton's appeal. Instead of issuing another Order clarifying the ambiguity, the AJ immediately dismissed the appeal stating:

> Appellant subsequently submitted documentation establishing that she filed her appeal on August 13, 1993, but she did not address her receipt of the agency's June 21, 1993, decision.[1] The Board has held that in the absence of evidence to the contrary it will presume that a document was mailed five days prior to its receipt. *See Adamov v. United States Marine Corps,* 41 M.S.P.B. [M.S.P.R.] 275, 278 ( [MSPB] 1989). Here, because there is no

other evidence, I find it reasonable to presume that appellant received the agency's June 21, 1993, decision on June 26, 1993. In this regard it is relevant to note that the agency's decision was sent to the same address that appellant has used in the present appeal. To be timely, appellant's appeal should therefore have been filed by July 16, 1993. The appeal eventually filed on August 13, 1993, was almost one month late.

---

[1] In a September 21, 1993, submission the agency asserted that appellant had not met her burden on the issue of timeliness and requested that her appeal be dismissed. The agency's submission was untimely, however, and will not be considered.

This ruling was error.

■ As an initial matter, we reject the FAA's argument that it had no obligation to come forward with relevant evidence in its possession. While we conclude that the MSPB may place the burden of proof of timeliness on the employee, the agency may not excuse its withholding of evidence on that ground. The agency may not sit by concealing evidence that would change the result in a case. We disapprove of such gamesmanship.

■ In addition, before undertaking the draconian action of dismissing an appeal on a finding of untimeliness, the AJ must have sufficient evidence which at least facially establishes that fact. The AJ in this case had evidence only of the filing date, not the date of receipt which started the period running. Before dismissal, the AJ could and should have asked **both** parties for such evidence. Further the AJ must then inform the parties of the dates on which the AJ intends to rely to support the dismissal. Only by knowing those dates before a final order is issued can an appellant make a meaningful response by way of either challenging the dates or showing good cause for the period of delay.

■ An appellant cannot be expected to fight a fog of generality. Here, it was not until the AJ's Order entering dismissal that the appellant could know that the AJ simply presumed the appealed decision was received

by the employee five days after the date it bears.[8] We reject the AJ's reliance on a double-barrelled presumption: first, that a decision is mailed on the date it was signed and, second, that it was received by the employee within five days. Appellant then was cut off from attacking the AJ's presumption because the AJ had closed the record. Dismissal because of failure to anticipate with exactitude the problems and solutions in the mind of the AJ is not the process which is due an appellant. The AJ should have at least afforded Hamilton a further opportunity to reply.

 As indicated, the Order underlying the dismissal covered numerous subjects. That the Order was not **fully** answered is insufficient grounds for dismissal where it is apparent that the appellant was making a good faith effort to comply and pursue her appeal. In *Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed.Cir. 1992) (*in banc*), we upheld a dismissal for untimely filing, but it is significant that, in *Mendoza*, the AJ had issued a second "show cause" order **limited** to the issue of timeliness which specifically warned the appellant that her appeal would be dismissed unless she established timeliness, an order which was ignored. Dismissal was not upheld merely because of the broadly framed Acknowledgement Order. A "one-strike-and-you're-out" rule based on the Acknowledgement Order alone can only be characterized as arbitrary in this case.

 Here we do not have a case where the appellant ignored orders from the Board or an AJ. That the Board is entitled to maintain orderly procedures is clearly necessary for proper adjudication. As held in *Mendoza*, 966 F.2d at 653:

> A petitioner who ignores an order of the Administrative Judge does so at his or her peril. Litigants before the Board, whether rich or poor, whether resident abroad or in the United States, are obligated to respect

the Board, its procedures, including deadlines, and the orders of the Board's judges. The doors of the tribunal are open to all claimants but only on the same terms. This is the essence of due process and equal treatment under the law.

Failure to respond to an order of the Board may result in dismissal. *See Cheguina v. Merit Sys. Protection Bd.*, 69 F.3d 1143 (Fed.Cir.1995). In this case, however, Hamilton timely replied to the Order, albeit not in a manner which resolved the AJ's problem. Thus, Hamilton is not guilty of ignoring or disregarding a Board order or failing to prosecute, conduct for which sanctions may be imposed under 5 C.F.R. § 1201.43

## V.

### CONCLUSION

Under the regulations of the Board, the period for filing the appeal in this case began to run when the appealed decision was **received**. 5 C.F.R. § 1201.154. Hamilton has proffered uncontroverted evidence that she received the appealed decision on July 26, 1993. Thus, her appeal on August 13, 1993, fully met the regulation.[9] As held in *Saddler v. Department of Army*, 68 F.3d 1357 (Fed. Cir.1995), the Board is guilty of arbitrary and capricious action in dismissing the case of an appellant who has met the requirements of the regulation in filing his or her appeal.

The final decision of the Board is reversed and the case is remanded for further proceedings directed to the merits of Hamilton's removal.

## VI.

### COSTS

Costs are awarded to petitioner.

---

8. The AJ apparently equated **issuance** with **mailing** of the decision.

9. The government argues that the case should be remanded for consideration of whether Hamilton delayed unreasonably in picking up the certified mail. Under current regulations, Hamilton's appeal was timely. As held in *Saddler v. Department of Army*, 68 F.3d 1357 (Fed.Cir.1995), whether delay was caused by the appellant's negligence is immaterial given the language of the regulation.

648

REVERSED AND REMANDED for Proceedings on the Merits.