**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

YVES GELIN,
　　　　　　　Appellant,

　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　　Agency.

DOCKET NUMBER
NY-0752-23-0038-I-1

DATE: May 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Yves Gelin, Yonkers, New York, pro se.

Ariya McGrew, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown for the delay. For the reasons set forth herein, we GRANT the appellant's petition for review. We VACATE the initial decision and REMAND the matter to the New York Field Office for a hearing on the timeliness issue.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ANALYSIS**

If an appellant can establish a factual dispute as to whether he timely filed his appeal and he requested a hearing, he is entitled to a timeliness hearing. *Nelson v. U.S. Postal Service*, 88 M.S.P.R. 331, ¶ 5 (2001). Here, the appellant argued below that he first received the agency's final agency decision (FAD) when he contacted the agency and requested it on December 20, 2022, and denied that he received it when the agency first sent it by email on September 7, 2022. Initial Appeal File (IAF), Tab 10 at 11. He reasserts these arguments on review. Petition for Review (PFR) File, Tab 1 at 1. The appellant also asserts that the email address that the FAD was sent to differs from the address he provided to the agency. PFR File, Tab 4 at 3; *see* IAF, Tab 12 at 4-5 (sworn affidavit from the agency explaining why the email address identified on the certificate of service for the FAD differs from the address to which the agency actually sent the FAD). Finally, in support of his claim that he did not receive the FAD on September 7, 2022, the appellant provided an email demonstrating that he contacted the agency on December 16, 2022, and inquired about the status of his FAD. IAF, Tab 10 at 3.

The appellant filed his Board appeal challenging his removal on December 21, 2022.[2] The date that the appellant received the FAD determines the date by which he was required to file his Board appeal challenging the FAD. *See Williams v. U.S. Postal Service*, 115 M.S.P.R. 318, ¶ 7 (2010) (noting that an employee who files a timely formal complaint of discrimination with his employing agency regarding a matter that is within the Board's jurisdiction may also file an appeal with the Board, and that to be considered timely, the appeal

---

[2] The administrative judge determined that the appellant's Board appeal was filed on January 6, 2023, but that finding was in error. IAF, Tab 14, Initial Decision at 1. The envelope containing the appellant's Board appeal is postmarked December 21, 2022, and so that is the date his appeal is deemed filed. IAF, Tab 1 at 28; *see* 5 C.F.R. § 1201.4(l) ("The date of filing by mail is determined by the postmark date.").

must be filed within 30 days after the employee receives the FAD); 5 C.F.R. § 1201.154(b)(1).

The administrative judge did not issue an order on timeliness and so the appellant was not provided with specific notice of his burden to establish the timeliness of his appeal. *See Farooq v. Corporation for National and Community Service*, 109 M.S.P.R. 73, ¶ 12 (2008) (noting that before an appeal can be dismissed on timeliness grounds, the appellant must receive notice of the specific timeliness issue presented by the circumstances of his case); *see also Schorr v. Department of the Navy*, 79 M.S.P.R. 594, ¶¶ 12-13 (1998) (stating that the appellant "cannot be expected to fight a fog of generality" and that he must be put on clear notice of the timeliness issue and given a full opportunity to litigate it) (quoting *Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 646 (Fed. Cir. 1996)). Because the appellant has raised a factual dispute regarding when he first received the FAD, and consequently, whether his Board appeal was timely filed on December 21, 2022, he is entitled to a hearing on the timeliness issue. IAF, Tab 5; *Nelson*, 88 M.S.P.R. 331, ¶ 5; *see Stout v. Merit Systems Protection Board*, 389 F.3d 1233, 1241 (Fed. Cir. 2004) ("[T]he [administrative judge] must . . . inform the appellant that he is entitled to . . . a [timeliness] hearing upon a showing of a factual dispute material to the issue of timeliness."). Given these circumstances, we remand the appeal for the administrative judge to conduct a timeliness hearing.

**ORDER**

For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.