**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SANDRA K. LONG-ROBINSON,
            Appellant,

            v.

DEPARTMENT OF
      TRANSPORTATION,
            Agency.

DOCKET NUMBER
DC-0752-24-0147-I-1

DATE:  February 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sandra K. Long-Robinson</u>, Upper Marlboro, Maryland, pro se.

<u>Marquitta Robinson</u>, Fort Worth, Texas, for the agency.

<u>Christopher Jennison</u> and <u>Maria Surdokas</u>, Washington, D.C.,
      for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to expand upon the administrative judge's timeliness analysis, we AFFIRM the initial decision.

## BACKGROUND

Prior to her removal, the appellant was a Program Analyst for the agency. Initial Appeal File (IAF), Tab 5 at 17. Effective March 24, 2023, the appellant was removed from her position for unsatisfactory performance. *Id.* at 17-18. She first filed an equal employment opportunity (EEO) complaint alleging that her removal was the result of discrimination. *Long-Robinson v. Department of Transportation*, MSPB Docket No. DC-0432-23-0407-I-1, Appeal File (I-1 AF), Tab 4 at 9. On April 10, 2023, while her EEO complaint was being processed, the appellant also filed a Board appeal. I-1 AF, Tab 1. That appeal was dismissed as premature, and the administrative judge stated that the appellant could "refile her appeal after the 120-day period has expired or within 30 days after the agency issues a resolution or final decision on the discrimination complaint." I-1 AF, Tab 8 at 2.

On August 16, 2023, the agency issued its final agency decision (FAD) on the appellant's removal claim. IAF, Tab 4 at 33-34. The letter explained that if

the appellant wished to file a Board appeal, she had 30 days to do so. *Id.* at 33. The 30th day from August 16, 2023, was September 15, 2023. The appellant filed her Board appeal on November 20, 2023, 66 days after the filing deadline. IAF, Tab 1. The agency moved to dismiss the appeal arguing that the "[a]ppellant was put on clear notice that she had 30 days from the date she received the FAD in her removal claim to appeal that decision to the Board." IAF, Tab 4 at 6. The administrative judge dismissed the appeal as untimely filed without good cause shown. IAF, Tab 6, Initial Decision (ID).

The appellant has timely filed this petition for review. Petition for Review (PFR) File, Tab 1. She explained that the administrative judge's "decision to dismiss my complaint based on a lack of timely filing did not take into account that the MSPB e-file system was being updated and modernized" at the time her appeal was due. *Id.* at 2. She argues that she "filed [her] appeal as soon as [she] became aware the filing and processing system was available." *Id.* The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Pursuant to 5 C.F.R. § 1201.154(b), an appellant who first files an EEO complaint regarding a matter appealable to the Board may pursue a Board appeal either: (1) within 30 days after the agency's FAD is issued; or (2) after at least 120 calendar days have passed without a FAD being issued. Here, the agency issued its FAD on August 16, 2023, meaning that the appellant was required to file any Board appeal by September 15, 2023. IAF, Tab 4 at 33-34. At this time, the Board was also modernizing its electronic filing system. Because these modernization efforts caused at least one system outage, the Board extended all filing deadlines that fell from September 9, 2023, through October 6, 2023, by 28 calendar days. *See* The U.S. Merit Systems Protection Board, *MSPB Announces an Additional Extension of Deadlines to Account for the September 8, 2023, Outage of e-Appeal*, MSPB (Sept. 12, 2023)

https://www.mspb.gov/publicaffairs/press_releases/Extension_of_Deadlines_Due
_to_System_Outage_Press_Release_2067324.pdf. This extension moved the
appellant's filing deadline to October 13, 2023. The appellant filed her appeal on
November 20, 2023, 38 days after the extended filing deadline. IAF, Tab 1.
Therefore, the appellant's appeal was untimely filed.

The Board's regulations state that an appeal that is untimely filed will be
dismissed "unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c).
However, the regulation also requires that an administrative judge "provide the
party an opportunity to show why the appeal should not be dismissed as
untimely." *Id*. For an appellant to have a meaningful opportunity to show why
an untimely appeal should not be dismissed, she cannot be forced to fight a fog of
generality; rather, she must be given explicit notice of the legal standard for
establishing good cause. *Colleran v. U.S. Postal Service*, 112 M.S.P.R. 650, ¶ 16
(2009) (remanding an appeal to the administrative judge to provide proper
timeliness notice and a meaningful opportunity to file evidence and argument on
the timeliness issue); *see Hamilton v. Merit Systems Protection Board*, 75 F.3d
639, 646-47 (Fed. Cir. 1996) (finding that "[a]n appellant cannot be expected to
fight a fog of generality," but must be given a "full and fair opportunity to litigate
the [timeliness] issue"); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434,
438-39 (1998) (explaining that an appellant who alleges that an illness caused her
filing delay must be informed of what she is required to show to establish good
cause for an untimely filing on the basis of her alleged illness).

Here, the administrative judge did not advise the appellant of the good
cause standard in his acknowledgement order or a subsequent order and thus did
not provide her with an opportunity to address the timeliness of the appeal. In his
initial decision, the administrative judge states that the appellant "missed the
filing deadline by more than two months without any explanation or excuse" and
therefore found "no basis for excusing the untimely filing under 5 C.F.R.
§ 1201.22." ID at 3. The initial decision explains the timeliness requirements,

but it fails to provide the appellant with the good cause standard, thus precluding the appellant from making an informed argument regarding the timeliness of the appeal in her petition for review. *Id*.

For these reasons, while the appellant's petition for review remained pending with the Board, the Clerk of the Board issued an order notifying the appellant of the applicable standards regarding good cause for an untimely filed appeal and instructing her to respond accordingly. PFR File, Tab 4. Despite having that opportunity to do so, the appellant did not respond.

To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant has not provided any basis for us to conclude that she has good cause for her untimely appeal. We recognize that she is pro se. Plus, as discussed above, we recognize that the Board's modernization efforts resulted in an extension of her deadline. Nevertheless, the appellant's appeal was still quite untimely, and the appellant has not provided us with any meaningful explanation about the same. Accordingly, we affirm the initial decision, dismissing the appeal as untimely filed, as modified to recognize that the appellant did not establish good cause for her untimeliness after having an opportunity to do so.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.