**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

COREY D. STOGLIN,
                Appellant,

        v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
SF-3330-13-1464-I-1

DATE: September 23, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Corey D. Stoglin</u>, Bloomington, Minnesota, pro se.

<u>Gonzalo Pinacho</u>, Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his nonselection, under both the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA).  Generally, we grant petitions

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review as to the appellant's VEOA claim. We VACATE the portion of the initial decision regarding the appellant's VEOA claim, and instead DISMISS the claim as untimely filed. We REMAND the appellant's USERRA claim to the Western Regional Office for further adjudication.

¶2    The appellant applied for the GS-12 position of Equal Employment Manager with the Hawaii Air National Guard (Vacancy Announcement No. FS-406716-SK11) and was notified on January 12, 2011, that he was not selected. Initial Appeal File (IAF), Tab 1 at 3, Tab 8 at 16-19, 22-23. The appellant thereafter filed a complaint with the Department of Labor (DOL) regarding his nonselection, alleging that the agency violated his veterans' preference rights under VEOA. *See* IAF, Tab 6 at 3, Tab 10 at 4-5. In a letter dated March 25, 2013, DOL notified the appellant of its determination to close his case, finding that he filed his complaint "significantly past the 60 day statutory limit" under 5 U.S.C. § 3330a(a)(2)(A). IAF, Tab 10 at 4. DOL informed the appellant of his right to file an appeal with the Board "within 15 calendar days of receipt" of its closure letter. *Id.*

¶3      The appellant filed his appeal with the Board on July 23, 2013.  IAF, Tab 1. He stated that the agency hired a nonveteran and that he was not hired because of his status as a traditional reservist, which he alleged evidenced VEOA and USERRA violations.[2]  IAF, Tab 1 at 5, Tab 5 at 4.  He requested a hearing.  IAF, Tab 1 at 2.

¶4      The administrative judge provided the appellant with notice regarding how to establish jurisdiction over his appeal under USERRA and VEOA.  IAF, Tabs 2, 3.  She subsequently issued an initial decision dismissing the appellant's appeal without holding the requested hearing.  IAF, Tab 14, Initial Decision (ID).  She found that the appellant failed to establish Board jurisdiction under USERRA. *See* ID.  She also found, as to the appellant's VEOA claim, that he failed to: (1) state a claim upon which relief could be granted; (2) establish Board jurisdiction because he did not demonstrate that he timely exhausted his administrative remedy with DOL; and (3) timely file his Board appeal.  *See* ID.

¶5      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He asserts that the administrative judge:  (1) erred in denying his request for a hearing; (2) failed to provide him with adequate notice regarding the timeliness issue in his appeal; and (3) ignored evidence submitted in support of his claims that the agency violated his veterans' preference rights and inconsistently applied its hiring practices, Office of Personnel Management (OPM) regulations, and the law.  *Id.*

We VACATE the portion of the initial decision regarding the appellant's VEOA claim.

¶6      As an initial matter, the administrative judge erred in finding that, because the appellant's DOL complaint was untimely filed, he failed to establish that he

---

[2] The appellant also alleged that his nonselection was based on race discrimination. IAF, Tab 5 at 5.  However, the Board lacks jurisdiction to address this claim because a nonselection is not an action otherwise appealable to the Board.  *See* 5 U.S.C. § 7702(a)(1); *see also Wooten v. Department of Veterans Affairs*, 102 M.S.P.R. 131, ¶ 15 (2006); 5 C.F.R. § 1201.3.

exhausted his administrative remedy with DOL and, therefore, that the Board has jurisdiction over this appeal.  *See* ID at 5-7.  The Board has explicitly overruled cases which hold that, where an appellant fails to timely file a complaint with DOL, he has failed to exhaust his administrative remedy.  *Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶ 8 (2009).  The 60-day time limit for filing a complaint with the Secretary of Labor under 5 U.S.C. § 3330a(a)(2)(A) is a statutory, not jurisdictional, requirement.  *Id.*, ¶¶ 8-9, 12-13.  We also note, without making any jurisdictional findings, that the administrative judge's determination that the Board lacks jurisdiction is inconsistent with her finding that the appellant's VEOA appeal fails to state a claim upon which relief can be granted.  A determination that an appeal fails to state a claim upon which relief can be granted is a finding regarding the merits of the appeal, which the Board cannot reach if it lacks jurisdiction.  *See White v. U.S. Postal Service*, 114 M.S.P.R. 574, ¶ 11 (2010) (dismissal for failure to state a claim is not a proper disposition if an appellant fails to establish jurisdiction over his appeal because this disposition goes to the merits of the appeal, which the Board cannot resolve if it lacks jurisdiction).  We therefore VACATE the initial decision concerning the aforementioned findings.

¶7        We also must VACATE the initial decision regarding the administrative judge's finding that the appellant failed to timely file his Board appeal.  The letter DOL sent to the appellant notifying him of its determination to close his case is dated March 25, 2013.  IAF, Tab 10 at 4-5.  The administrative judge found in the initial decision that the appellant should have filed his appeal by April 9, 2013, or 15 days from the date DOL issued its determination.  ID at 6; *see* 5 U.S.C. § 3330a(d)(1)(B).  She therefore concluded that the appellant's appeal was untimely filed by 105 days because he submitted it on July 23, 2013. ID at 6; *see* IAF, Tab 1.

¶8        It appears, however, that the administrative judge erred in calculating the appellant's filing deadline from March 25, 2013.  A Board appeal must be filed

no "later than 15 days after the date on which the complainant *receives* written notification" that DOL has closed his case. 5 U.S.C. § 3330a(d)(1)(B) (emphasis added). The administrative judge's finding assumes that the appellant received the DOL letter on the same day it is dated, but the Board presumes that documents placed in the mail are received within 5 days. *See Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007) (applying the 5-day mailing rule presumption to the 15-day filing deadline in a VEOA appeal). DOL's letter appears to have been sent by mail, but there is no evidence as to when it was actually mailed, and the date printed on the letter does not establish the date it was actually mailed.

¶9        Moreover, in the acknowledgement order, the administrative judge informed the appellant that a VEOA appeal must be filed with the Board within 15 days of receipt of DOL's case closure letter. IAF, Tab 2 at 5. She further informed the appellant of his burden to demonstrate circumstances warranting equitable tolling of this time limit "if" his appeal was untimely filed. *Id.* at 5-6. However, before issuing the initial decision, the administrative judge did not explicitly advise the appellant that his appeal appeared to be untimely filed or identify the relevant dates upon which she would rely to make a timeliness determination.[3] *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 10 (2007) (before dismissing an appeal as untimely filed, the administrative judge is required to inform the appellant of the date that a document triggering the right to appeal is

---

[3] We recognize that the administrative judge ordered the appellant to file a statement showing, inter alia, when he received written notice from DOL. IAF, Tab 2 at 6. The appellant did not provide this information. However, he timely responded to the administrative judge's order, asserting that he did not file his DOL complaint within 60 days of the alleged violation because he did not suspect a VEOA violation until February 2013. IAF, Tab 5 at 4-5. Although the appellant failed to fully respond regarding timeliness, he clearly made an effort to comply with the administrative judge's order which, as previously stated, did not provide him with adequate notice. Under similar circumstances, our reviewing court has held that dismissal on timeliness grounds is improper. *See Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 647 (Fed. Cir. 1996).

presumed to have been received); *see also Pierce v. U.S. Postal Service*, 60 M.S.P.R. 26, 28 (1993) (the appellant did not receive a fair opportunity to respond to the timeliness issue where the acknowledgement order gave him an opportunity to establish timeliness "if" there was a question as to whether his appeal was timely filed, but did not specify that there was a question as to the timeliness of the appeal).   Therefore, the appellant did not receive sufficient notice regarding the timeliness issue.

We DISMISS the appellant's VEOA claim as untimely filed.

¶10      On review, the appellant argues that he did not receive DOL's closure letter until May 16, 2013.  PFR File, Tab 1 at 4.  In support of this claim, he attaches e-mail correspondence he had with a DOL employee in May 2013.  *Id.* at 6-7.  On May 15, 2013, he requested to have the closure letter sent to him by e-mail, stating that he was currently in short-term housing and was having his mail forwarded.  *Id.*  Then, on May 16, 2013, the employee sent the appellant a copy of the closure letter by e-mail.  *Id.* at 7.

¶11      Under 5 C.F.R. § 1201.115, generally the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  However, we find it appropriate to consider the appellant's evidence because he argues, and we agree, that he did not receive adequate notice below regarding the precise timeliness issue in his appeal.  *See* PFR File, Tab 1 at 4.  We find that the initial decision, coupled with the information provided in the acknowledgement order, cured the lack of notice, so the appellant had a fair opportunity to establish the timeliness of his appeal on review; the acknowledgement order informed the appellant of the time period for filing a VEOA appeal and, in the initial decision, the administrative judge made clear that the appellant's appeal appeared to be untimely filed and indicated the date upon which she based her calculation of the

filing deadline. ID at 6; IAF, Tab 2 at 5; *see Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 9 (2009) (an administrative judge's failure to provide an appellant with proper notice regarding a timeliness issue may be cured by the agency's pleadings or the initial decision).

¶12    The evidence and argument which the appellant submits on review do not establish that his appeal was timely filed. Assuming arguendo that the appellant received the DOL letter for the first time on May 16, 2013, he should have filed his appeal by May 31, 2013.[4]    *See* 5 U.S.C. § 3330a(d)(1)(B).    As the administrative judge explained below, the 15-day deadline set forth at 5 U.S.C. § 3330a(d)(1)(B) cannot be waived, even for good cause. *See Williamson*, 106 M.S.P.R. 502, ¶ 6; IAF, Tab 2 at 5-6. This deadline may be subject to equitable tolling; however, such relief is only extended sparingly, such as in situations where an appellant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where he has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 17 (2012); *see* IAF, Tab 2 at 5-6.

¶13    The appellant has provided no explanation for his failure to file his appeal until July 23, 2013. We note that he does not contest July 23, 2013 as the filing date of his appeal, or allege that he initially attempted to file his appeal before the filing deadline. Moreover, DOL's written decision explicitly informed him of his right to file a Board appeal "within 15 calendar days of receipt of th[e] letter," and he has filed no evidence or argument indicating that he was somehow induced to believe or act otherwise. IAF, Tab 10 at 4. In fact, the DOL employee with

---

[4] Under 5 U.S.C. § 3330a(d)(1)(A), a VEOA appeal may not be brought before the 61st day after the date on which the DOL complaint is filed. The record is not sufficiently developed for us to determine the exact date when the appellant filed his DOL complaint. However, he had clearly filed it as of March 12, 2013. *See* IAF, Tab 6 at 3. Therefore, if the appellant received DOL's letter on May 16, 2013, then at least 61 days had passed since the filing of his DOL complaint and he should have filed his Board appeal within 15 days.

whom he corresponded in May 2013 provided him with a Board appeal form, stating, "you[r] case was closed due to late file . . . you will need to file with the MSPB." PFR File, Tab 1 at 6. Thus, we discern no basis to apply equitable tolling in this instance. We DISMISS the appellant's VEOA appeal as untimely filed.

We REMAND the appellant's USERRA claim for further adjudication.

¶14      The appellant alleges that the administrative judge erred in dismissing his USERRA claim without a hearing.[5] *Id.* at 3. For the reasons set forth below, we agree.

¶15      To establish Board jurisdiction over a USERRA discrimination appeal, an appellant must nonfrivolously allege that: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Swidecki v. Department of Commerce*, 113 M.S.P.R. 168, ¶ 6 (2010). A claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous, particularly where, as here, the appellant is pro se. *Id.* The weakness of the assertions in support of a claim is not a basis to dismiss the USERRA appeal for lack of jurisdiction; rather, if the appellant fails to develop his contentions, his USERRA claim should be denied on the merits. *Id.*

¶16      The appellant alleged below, as to his USERRA claim, that the agency discriminated against him by failing to hire him for the position of Equal

---

[5] After filing his petition for review, but before the record closed on review, the appellant sought to file an additional pleading regarding jurisdiction. PFR File, Tab 3 at 4. He argued that the Board should consider *Beck v. Department of the Navy*, 120 M.S.P.R. 504 (2014), which was issued after he filed his petition for review. PFR File, Tab 3 at 4. Because we find that the appellant stated a USERRA claim below, and accordingly remand this appeal for further adjudication, his request to file additional argument regarding jurisdiction is now moot.

Employment Manager because of his status as a traditional reservist. IAF, Tab 5 at 4. He asserted that the agency "uses a merit system for hiring in which precedence is given to members of its organization who are already in its active reserve system even if they don't meet the qualifications for the job posted and open to the public," and that, therefore, his status as a traditional reservist put him at a disadvantage in the hiring process. *Id.* He also stated that the agency hired a nonveteran, although he, the appellant, was the most qualified candidate. IAF, Tab 1 at 5, Tab 13 at 5.

¶17        We find that the appellant's aforementioned allegations, although conclusory, are sufficient to establish Board jurisdiction over his USERRA claim. *See Searcy v. Department of Agriculture*, 115 M.S.P.R. 260, ¶ 8 (2010) (finding that the appellant's assertions, although "vague and lacking in specificity," were sufficient to establish Board jurisdiction over his USERRA claim); *see also Wilson v. Department of the Army*, 111 M.S.P.R. 54, ¶ 10 (2009) (the appellant's assertion that the agency terminated him because it "didn't like the fact" of his service in the Army National Guard was sufficient to constitute a nonfrivolous allegation of a USERRA violation). The administrative judge's finding that no agency practice affected the consideration of the appellant's application because OPM conducted the hiring process and did not refer him on the best qualified list for the agency's consideration may be relevant to the merits of the USERRA claim, but it does not preclude a finding of jurisdiction.[6] ID at 5; *see* IAF, Tab 8 at 15, 20-21; *see also Swidecki*, 113 M.S.P.R. 168, ¶¶ 8-9 (finding that the agency's argument—that the appellant could not nonfrivolously allege that his uniformed service was a substantial or motivating factor in its determination to deny him employment because the staff members who determined that he could

---

[6] We note, however, that the agency cannot avoid liability simply because it elected to outsource hiring for the Equal Employment Manager position to OPM. OPM's actions in reviewing applications and determining which applicants to refer to the agency are certainly relevant in this appeal. Notably, the record is not sufficiently developed to determine whether OPM applied the alleged "merit system" in assessing applicants.

not be considered for employment were unaware of his uniformed service—did not provide a basis to dismiss the claim for lack of jurisdiction, but rather, related to the merits of the appeal). We must therefore REMAND this appeal for a hearing. *See Swidecki*, 113 M.S.P.R. 168, ¶ 6 (an appellant who raises a USERRA claim has an unconditional right to a hearing).

## ORDER

For the reasons discussed above, we REMAND the appellant's USERRA claim to the Western Regional Office for further adjudication in accordance with this Remand Order. The administrative judge should incorporate by reference our analysis and disposition of the appellant's VEOA claim in the new initial decision on the USERRA claim so that the appellant will have a single decision with appropriate notice of appeals rights addressing both of his claims. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 12 (2005).

FOR THE BOARD: _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.