# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERRELL M. FRASER, | DOCKET NUMBER |
| Appellant, | DC-0752-14-0425-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE, | DATE: February 9, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brooke L. Beesley, Alameda, California, for the appellant.

David M. Brown, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was an Air Conditioning Equipment Mechanic Helper at the agency's National Institute of Standards and Technology. Initial Appeal File (IAF), Tab 4 at 16. On June 17, 2013, the agency issued a letter proposing his removal due to medical inability to perform an essential function of his position. *Id.* The letter was mailed to the appellant's then-residence of record. *Id.* On August 7, 2013, the appellant responded orally. *Id.* at 25. The agency issued a letter of decision on September 27, 2013, upholding the appellant's removal effective that day. *Id.* at 26-29. The removal letter provided the appellant with notice of his right to file an appeal with the Board within 30 days of his receipt of the letter or the effective date of his removal, whichever was later. *Id.* at 29. The letter of decision was mailed to the appellant's address of record and was received by someone other than the appellant on September 30, 2013. *Id.* at 33.

¶3 On February 6, 2014, the appellant filed this appeal of his removal. IAF, Tab 1. The agency filed a motion to dismiss the appeal as untimely, to which the appellant responded. IAF, Tab 4 at 4-7, Tab 5. The administrative judge issued

an initial decision dismissing the appeal as untimely without holding the requested hearing. IAF, Tab 1 at 2, Tab 6, Initial Decision (ID). The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied to the agency's response. PFR File, Tabs 3-4.

The appeal is untimely.

¶4 The appellant argued below and on review that he did not receive the agency's letter of decision. IAF, Tab 1 at 3, Tab 5 at 8; PFR File, Tab 1 at 6, Tab 4 at 2. Nonetheless, the administrative judge found that the appeal was untimely. ID at 2-3. We agree.[2]

¶5 The appellant bears the burden of proving by preponderant evidence that he timely filed his appeal, or that there was a good reason for the delay. 5 C.F.R. §§ 1201.22(c), 1201.56(a)(2)(ii); *see Walsh v. Social Security Administration*, 93 M.S.P.R. 617, ¶ 5 (2003) (applying this rule in an individual right of action appeal). An appellant is entitled to a hearing on the issue of timeliness only if he provides specific, nonfrivolous evidence raising a dispute as to material facts affecting the timeliness issue. *Persons v. U.S. Postal Service*, 75 M.S.P.R. 428, 433 (1997). An appeal must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). Here, the appellant's removal was effective September 27, 2013. IAF, Tab 4 at 29. However, the agency's letter of decision was delivered to the

---

[2] Although we agree with the appellant that the administrative judge erred by not providing notice of his burden to prove timeliness or good cause for untimeliness, we find that the administrative judge corrected this error by providing sufficient notice in the initial decision. PFR File, Tab 1 at 2-4; ID at 2-3; *see Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 645-47 (Fed. Cir. 1996) (holding that, before dismissing an appeal as untimely, an administrative judge must provide the appellant with notice of the timeliness issue and an opportunity to respond); *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (failure to provide proper jurisdictional notice can be cured if sufficient information is contained in the agency's pleadings or the initial decision).

appellant's residence on September 30, 2013. *Id.* at 32-33. Thus, the appellant's deadline for filing the appeal was October 30, 2013, and his February 6, 2014 appeal was over 3 months late. IAF, Tab 1.

¶6 The appellant indicated below that he resided at the address of record with his wife, despite the initiation of legal separation proceedings. IAF, Tab 5 at 6-7. However, he alleged that "[o]n many occasions" he would not receive mail sent to him at this address and that, "[a]t times, [his] wife or her friends would simply throw [his] mail or packages, addressed to [him], in the garbage with the other junk mail without [him] knowing." *Id.* at 6. Further, he claimed that he advised his wife never to sign for any mail addressed to him and that she and her friends were not authorized to receive mail or delivery items on his behalf. *Id.* at 6-7. He stated that he had his "important financial paperwork from work" sent to his mother's home. *Id.* at 7. Nevertheless, we find that the appellant constructively received the agency's decision letter.

¶7 Both the Board and its reviewing court have found constructive receipt where documents are received by relatives at the address designated by the appellant for the receipt of notice. *Crearer v. Department of Justice*, 84 M.S.P.R. 434, ¶ 5 (1999). Pursuant to Examples A and C in 5 C.F.R. § 1201.22(b)(3), an appellant may be deemed to have received an agency decision when he failed to pick up mail delivered to his post office box, or when it was received by his roommate. In *Horton v. Department of the Navy*, the Board did not find constructive receipt where: (1) the notice was delivered to a rooming house where the appellant was temporarily staying; (2) the appellant "[had] no relationship" with the person who signed the receipt for the notice; (3) the appellant did not authorize anyone to accept mail deliveries on his behalf; and (4) the appellant did not provide the rooming house address to the agency as a mailing address. 105 M.S.P.R. 332, ¶ 10 (2007).

¶8 In the instant case, on September 23, 2012, the appellant changed his address, via the National Finance Center Employee Personal Page website, to his

mother's home.  IAF, Tab 4 at 5, 11.  Moreover, the letter of decision was signed for by an unnamed woman, and thus we do not know for certain if a relative signed for it.  IAF, Tab 4 at 33.  However, the address of record was the appellant's residence and not a place he was staying temporarily.  When the agency mailed the June 17, 2013 letter of proposed removal to his then-known address of record, he timely responded, stating that he received the proposal on June 20, 2013.  *Id.* at 16, 22.  The appellant did not indicate in his response that he did not want to receive correspondence at his residence.  *See id.* at 22-23.  Further, he provided his residential address as a mailing address in an equal employment opportunity complaint dated March 25, 2013.  IAF, Tab 4 at 15.  Thus, the evidence shows that after changing his official mailing address, he continued to use his residential address for official correspondence.  Under these circumstances, we find that the appellant constructively received the decision letter.  Therefore, his appeal was filed over 3 months late.

<u>The appellant has not proved good cause for the untimeliness of his appeal.</u>

¶9        On review, the appellant asserts without specifics that he nonfrivolously alleged good cause for the untimeliness of his appeal.  PFR File, Tab 1 at 2.  The appellant alleged below that when he received the letter of proposed removal, he was under doctor's care for chronic pain, anxiety, and depression, and was in a "state of daily worry and fear causing nausea, diarrhea, couldn't concentrate and trouble sleeping."  IAF, Tab 5 at 6.  He claimed further that his medical conditions "were also significantly aggravated by the fact that [he] was on a nonpay status since approximately December 28, 2012."  *Id.*  Nevertheless, the administrative judge found that the appellant failed to allege that these medical conditions caused him to be unable to timely file his appeal.  ID at 4.  We agree.

¶10       The Board will find good cause for waiver of its filing time limits where a party demonstrates that a medical condition affected his ability to file on time.  *Lacy v. Department of the Navy*, <u>78 M.S.P.R. 434</u>, 437 (1998).  As noted by the administrative judge, this requires nonfrivolously alleging, in pertinent part, that

the illness prevented him from timely filing his appeal or a request for an extension of time. *Id.*; ID at 4.

¶11      The appellant did not argue below or on review that his untimeliness should be excused on the grounds of medical incapacity. *See* IAF, Tabs 1, 5; PFR File, Tabs 1, 4. In finding that the appellant failed to link his medical conditions to an inability to timely file his appeal, the administrative judge did not refer to *Lacy* but cited to *Blaske v. Department of the Navy*, 76 M.S.P.R. 164, 169 (1997), *aff'd*, 168 F.3d 1322 (Fed. Cir. 1998) (Table). Although *Blaske* predates *Lacy* by a year, it also identifies the requirement that the appellant explain how his medical condition prevented him from filing on time, and the Board's decision in *Blaske* was affirmed by the U.S. Court of Appeals for the Federal Circuit. *See id.*; ID at 4. Despite receiving this notice of his burden, the appellant has not provided any evidence on review connecting his untimeliness with his medical condition. Under these circumstances, we find that the appellant has not made a nonfrivolous allegation of good cause for the delay.

¶12      On petition for review, the appellant argues that it was erroneous for the administrative judge "to deny and/or reject any consideration for appellant['s] timely served jurisdictional discovery." PFR File, Tab 1 at 3. The appellant stated below that he intended to serve the agency a discovery request on the issue of timeliness. IAF, Tab 5 at 4. We find that the administrative judge committed harmless error by closing the record before completion of discovery.

¶13      An appellant is entitled to conduct discovery that might assist him to meet his burden to establish timeliness. *Cf. Rison v. Department of Defense*, 73 M.S.P.R. 390, 394-95 (1997) (finding that an administrative judge erred in dismissing an appeal without affording the appellant an opportunity to pursue discovery related to the issue of jurisdiction). The rules governing discovery in Board proceedings are set out in the Board's regulations at 5 C.F.R. §§ 1201.71-.75. These regulations provide that initial discovery requests must be served within 30 days of the administrative judge ordering the agency to produce

its file and response. 5 C.F.R. § 1201.73(d)(1). Responses are due within 20 days of service. 5 C.F.R. § 1201.73(d)(2).

¶14  Consistent with these regulations, the administrative judge set the time frame for discovery indicating that a party's initial discovery request must be served within 30 days of February 18, 2014, or by March 20, 2014. IAF, Tab 2 at 3. The appellant indicated on March 17, 2014, that he intended to timely serve such discovery. IAF, Tab 5 at 4. He attaches, with his petition for review, discovery requests dated March 18, 2014. PFR File, Tab 1 at 3, 5-9. Assuming these requests were timely served, as represented, the initial decision was issued before the expiration of the agency's 20-day deadline to respond. IAF, Tab 2 at 3; ID.

¶15  However, the appellant's initial discovery request does not seek information that would establish his appeal as timely because it would not rebut the fact that the appeal was filed over 3 months after constructive receipt of the agency's decision letter. *See* PFR File, Tab 1 at 9 (requesting that the agency admit that it addressed the decision letter to the appellant's residential address of record without authorization and that there was no delivery receipt). Further, any evidence relating to the appellant's medical condition that would excuse the untimely filing would presumably be in his, and not the agency's, possession. *Cf. Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding in an individual right of action appeal that the appellant was not prejudiced by a lack of discovery because his discovery requests did not seek pertinent information and the determination of whether he exhausted his remedies were based on evidence in his possession). Therefore, we find that it was harmless error for the administrative judge to make the determination that the appeal was untimely before the close of discovery. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board

Washington, D.C.