# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILLIAM J. BREWER,
    Appellant,

   v.

DEPARTMENT OF THE ARMY,
    Agency.

DOCKET NUMBER
SF-0752-15-0216-I-1

DATE: July 22, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>William J. Brewer</u>, Lancaster, California, pro se.

<u>Larry F. Estrada</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown. For the reasons discussed below, we GRANT the appellant's petition for review and AFFIRM the initial decision in part and VACATE the initial decision in part. We

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Western Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    Effective November 3, 2014, the agency removed the appellant from his position as a Supervisory Civil Engineer, GS-13, based on charges of sexual harassment and discourteous conduct. Initial Appeal File (IAF), Tab 3 at 24-27, Tab 9 at 20-25. It appears that the appellant received the agency's removal notice on November 3, 2014. *See* IAF, Tab 3 at 83.

¶3    The agency's removal notice informed the appellant of his right to appeal his removal to the Board within 30 days. *Id.* at 25. It also informed him that if he believed his removal was discriminatory he could file an equal employment opportunity (EEO) complaint within 45 days of the effective date of his removal. *Id.* at 26.

¶4    The appellant filed an appeal with the Board regarding his removal on December 22, 2014. IAF, Tab 1. On the same date, he filed a formal complaint of discrimination (Agency Docket No. ARCELA14MAY01918). IAF, Tab 10 at 15.

¶5    In the acknowledgment order, the administrative judge advised the appellant of his burden to establish that his appeal was timely filed. IAF, Tab 2 at 2. She set forth the timeliness requirements under 5 C.F.R. § 1201.22(b); namely, that an appeal must be filed within 30 days of the effective date of the action being appealed, or 30 days from when the appellant receives the agency's decision, whichever is later. *Id.* In response, the appellant stated that his appeal was filed 19 days beyond the 30-day filing period. IAF, Tab 3 at 83. He also stated that he "found it impossible to make a timely submittal due to the sudden action of removal" and because he had "many important and critical tasks to perform" after receiving the agency's removal notice, including: (1) obtaining information regarding health insurance; (2) filing for unemployment insurance; and

(3) researching and obtaining documents for his appeal. *Id.* He further stated that he was "dealing with the holiday season of activities" and "office closure." *Id*.

¶6 In a subsequent filing, the appellant asserted that his appeal was a mixed case and that the agency failed to properly advise him of mixed case procedures in its removal notice. IAF, Tab 10 at 7. He argued that the Board should therefore waive the filing deadline. *Id.*

¶7 The administrative judge issued an initial decision, dismissing the appeal as untimely filed. IAF, Tab 14, Initial Decision (ID). She found that the appellant was required to file his appeal no later than 30 days after his receipt of the agency's decision, that his appeal was untimely filed by 19 days, and that he failed to establish good cause for the filing delay. ID. As to the appellant's claim that his appeal was a mixed case, she noted that he "provided no evidence that he timely filed a mixed case complaint prior to his filing with the Board."[2] ID at 4.

¶8 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He appears to assert that he is entitled to a waiver of the filing deadline because the agency's removal notice failed to properly advise him of mixed-case procedures.[3] *Id.* at 7-8, 11-12. He notes that he submitted

---

[2] An appellant is entitled to receive notice of the precise timeliness issue in his appeal. *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶ 9 (2004). The administrative judge's acknowledgment order only informed the appellant of the timeliness standards under 5 C.F.R. § 1201.22. IAF, Tab 2 at 2. Because the appellant alleged that his appeal was a mixed case, the administrative judge also should have informed him of the timeliness standards under 5 C.F.R. § 1201.154. *See Bell*, 95 M.S.P.R. 580, ¶ 9 (the administrative judge erred by referring only to the general standards for timely filing under 5 C.F.R. § 1201.22(b), even though the appellant previously argued that his appeal was timely filed under the standards for mixed-case appeals at 5 C.F.R. § 1201.154). The agency's pleadings did not cure this lack of notice. *See* IAF, Tabs 9, 12.

[3] The appellant raises numerous arguments regarding the merits of his removal appeal. PFR File, Tab 1 at 14-17. We cannot reach these arguments unless the timeliness issue is resolved in his favor.

documentation regarding his EEO complaint below. *Id.* at 8. The agency filed a response, to which the appellant did not reply. PFR File, Tab 3.

We find, assuming that section 1201.22 applies, that the appellant's petition for appeal was untimely filed without good cause shown for waiving the filing deadline.

¶9    First, to the extent that 5 C.F.R. § 1201.22 applies, we agree with the administrative judge's finding that the appellant's arguments do not establish good cause for his filing delay. *See* PFR File, Tab 1 at 7, 9, 12. The untimely filing of a petition for appeal may be waived for good cause shown. To establish good cause for waiver, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶10    Here, we first find that the delay—19 days—is a lengthy one, and that, even though the appellant is pro se, it appears that he received the agency's removal notice on November 3, 2014, and that the notice letter clearly informed him of when he had to file. The appellant also argued on review and below that: (1) his appeal was only 18, not 19, days late; (2) he was unable to file his appeal within

The appellant also copies, nearly verbatim, "comments" he submitted in opposition to the agency's motion to dismiss. *Compare* IAF, Tab 13 at 6-8, *with* PFR File, Tab 1 at 9-11. To the extent that the appellant is arguing that the administrative judge should have denied the agency's motion, we find that this issue is moot in light of our remand order.

30 days because he experienced stress due to the sudden loss of his job; (3) he had to travel to Egypt to look after his children; and (4) he did not have legal counsel to assist him. We agree with the administrative judge that these excuses do not show due diligence or ordinary prudence to justify the untimely filing. ID 5-6; *see Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶¶ 5-8 (2008) (finding that the appellant did not establish good cause for waiving filing deadline, where he asserted that he untimely filed because he had been "very busy and distraught" due to his wife's cancer, his mother-in-law's surgery, and his inability to afford legal representation).

We remand for further development of the record on whether section 1201.154 should apply and, if so, whether the appellant's appeal was timely filed on that basis.

¶11        We find it necessary to remand this appeal because the record is not sufficiently developed for us to assess the timeliness of the appellant's appeal on a different basis. Specifically, for the reasons set forth below, it is unclear whether 5 C.F.R. § 1201.154 should apply.

¶12        An employee who has been subjected to an appealable action may first file a timely discrimination complaint with an agency or an appeal with the Board, but not both. 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b). If an employee first files a timely formal complaint of discrimination with an agency, he then may file an appeal with the Board: (1) within 30 days after receiving the agency resolution or final decision on the discrimination issue; or (2) if the agency has not resolved the matter or issued a final decision within 120 days, at any time after the expiration of the 120-day period. 5 C.F.R. § 1201.154(b). If the employee's formal discrimination complaint is untimely filed, then the time limits set forth at 5 C.F.R. § 1201.22, rather than the mixed case time limits set forth at 5 C.F.R. § 1201.154(b), are applicable to his Board appeal. *Cloutier v. U.S. Postal Service*, 89 M.S.P.R. 411, ¶ 6 (2001); *Estate of Pyc v. Department of Veterans Affairs*, 73 M.S.P.R. 326, 328 n.3 (1997).

¶13    The record evidence indicates that the appellant filed a formal EEO complaint on the same day he filed the instant appeal.  IAF, Tab 10 at 15.  We cannot determine from the record whether that EEO complaint encompassed the agency's removal action.  The complaint included the agency's proposed removal action, IAF, Tab 12 at 13, but this is not dispositive.  *See Hay v. U.S. Postal Service*, 106 M.S.P.R. 151, ¶ 14 (2007) (the filing of an EEO complaint regarding a proposed removal does not affect the Board's jurisdiction over the removal unless there is a clear showing that the parties intended the complaint to include the removal action).

¶14    The agency asserts that, even if the appellant's formal complaint encompassed his removal, it was untimely filed.[4]  PFR File, Tab 3 at 9-10.  However, we may not dismiss an appeal on the ground that an appellant's formal complaint was untimely filed absent evidence of a final agency decision finding that a complaint was not timely filed, when that decision was not appealed to the Equal Employment Opportunity Commission (EEOC), or a final EEOC decision finding a complaint untimely.  *Augustine v. Department of Justice*, 100 M.S.P.R. 156, ¶ 10 (2005).  The record does not contain information regarding the current status of the appellant's EEO complaint, so we cannot conclude that it was untimely filed.

¶15    If the appellant's EEO complaint encompassed his removal, then we would ordinarily look to which one—the EEO complaint or the instant Board appeal—he filed first to assess the timeliness of his appeal.  However, an agency is required to:

---

[4] The agency asserts that the appellant failed to timely file his formal complaint within 15 days of receiving the agency's October 8, 2014 notice of his right to do so.  PFR File, Tab 3 at 9-10; *see* IAF, Tab 12 at 13.  However, the agency's removal action did not become effective until November 3, 2014, nearly a month after the agency informed the appellant of his right to file a formal complaint.  The agency also asserts that the appellant failed to contact an EEO counselor within 45 days of the effective date of his removal.  PFR File, Tab 3 at 9-10.

> [I]nform every employee who is the subject of an action that is appealable to the MSPB and who has either orally or in writing raised the issue of discrimination during the processing of the action of the right to file either a mixed case complaint with the agency or to file a mixed case appeal with the Board.  The person shall be advised that he or she may not initially file both a mixed case complaint and an appeal on the same matter and that whichever is filed first shall be considered an election to proceed in that forum.

29 C.F.R. § 1614.302(b).   Because the appellant had filed an EEO complaint regarding the agency's proposed removal action and the investigation underlying the proposal, the agency should have provided him with the notice required by 29 C.F.R. § 1614.302(b) when it sustained the removal action.  *Cf. Mincey v. U.S. Postal Service*, 79 M.S.P.R. 663, 666-67 (1998).  Contrary to the agency's assertions, its removal notice did not include such notice.  *See* PFR File, Tab 3 at 8-9.  While the agency advised the appellant that he could file a Board appeal or an EEO complaint, and the time limits for filing either, it did not inform him that he could not do both.[5]  IAF, Tab 3 at 24-27.  Thus, to the extent that his EEO complaint encompassed his removal, he cannot be considered to have made a valid election between pursuing the EEO process and filing a Board appeal.  *See Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶¶ 12-13 (2009) (an election is not valid unless the agency has properly informed the appellant of the election requirements and its consequences).

¶16      Based on the foregoing, we remand this appeal for the administrative judge to reevaluate the timeliness of the appellant's appeal under section 1201.154.  On remand, the administrative judge should order both parties to submit all evidence they possess relevant to the timeliness issue outlined herein.  *See Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 646 (Fed. Cir. 1996) (although the

---

[5] The notice letter advised the appellant that if he appealed his removal action to the Board, he could not file an administrative grievance on the same matter, and also advised him that he could not file both an EEO complaint and a grievance.  IAF, Tab 3 at 26.  However, it did not state that he could not file both an EEO complaint and a Board appeal.  *Id*.

Board may place the burden of proof of timeliness on the appellant, an administrative judge should order both parties to provide the evidence they possess regarding timeliness before dismissing an appeal as untimely filed). This may include: (1) the appellant's formal complaint in Agency Docket No. ARCELA14MAY01918; (2) evidence regarding the current status of that complaint, such as a final agency decision and any subsequent appeal to the EEOC; and (3) evidence of any other EEO activity the appellant may have engaged in with respect to his removal.

## ORDER

For the reasons discussed above, we REMAND this case to the Western Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:           _____
William D. Spencer
Clerk of the Board

Washington, D.C.