## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VANESSA L. DAVIS,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
SF-0353-15-0068-I-1

DATE: July 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>JC Andrews, Jr.</u>, Gardena, California, for the appellant.

<u>Catherine V. Meek</u>, Long Beach, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1　　　　The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her appeal of an alleged denial of restoration. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order concerning the administrative judge's application of the presumption of receipt rule, we AFFIRM the initial decision.

¶2    On June 21, 2010, the agency notified the appellant that she should not report for duty because there was no work available within her medical restrictions.[2] Initial Appeal File (IAF), Tab 6 at 35. The appellant filed a formal discrimination complaint alleging that the agency's action was retaliation for her prior equal employment opportunity activity, and the agency issued a Final Agency Decision (FAD) finding no discrimination and stating the appellant's right to file an appeal with the Board within 30 days after receipt of the FAD. *Id*. at 14-30. The appellant's representative filed a Board appeal on October 27, 2014, and attached a copy of the February 1, 2011 FAD. IAF, Tab 1.

¶3    The administrative judge notified the appellant that her appeal appeared to be 1,328 days late and ordered her to submit evidence and argument to meet her burden of proof on the timeliness issue. IAF, Tab 2 at 5-6. After the parties responded, the administrative judge dismissed the appeal as untimely filed without good cause shown for the delay. IAF, Tab 11, Initial Decision (ID) at 2,

---

[2] The appellant, a nonpreference-eligible carrier technician, has filed several restoration appeals with the Board, the details of which are set forth in the background section of the initial decision. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 2-3.

5-6. In reaching her decision, the administrative judge found that the appeal should have been filed by March 8, 2011, applying the presumption that the appellant's representative received the FAD on February 6, 2011, which was within 5 days after the February 1, 2011 mailing date stated by the agency.[3] ID at 3, 5. The administrative judge also found, inter alia, that the appellant made no effort to show good cause for her untimely appeal and she repeatedly requested dismissal. ID at 6.

¶4      The appellant filed a petition for review of the initial decision arguing, as to the timeliness issue, that the administrative judge "failed to acknowledge the date the Agency recently gave the Appellant her appeal rights," and that her appeal was timely filed thereafter. Petition for Review (PFR) File, Tab 1 at 7. She also disputes the administrative judge's presumption that her representative received the FAD, reiterating that he "does not recall ever receiving it," and she argues the agency failed to prove his receipt. *Id*. The agency opposed her petition for review reasserting the argument it made on appeal that the appellant's representative received his copy of the FAD in 2011, and he should have filed her Board appeal by March 8, 2011. PFR File, Tab 3 at 5-6; IAF, Tab 8 at 5-6. The agency also reasserts that, "[a]t the very least," the appellant knew that she needed to file her Board appeal on July 5, 2014, when she attempted to reactivate her case before the Equal Employment Opportunity Commission (EEOC), but that she failed to "file diligently after learning she could do so." PFR File, Tab 3 at 6-7; IAF, Tab 8 at 6-7.

¶5      If an appellant fails to timely submit her appeal, it will be dismissed as untimely filed absent a showing of good cause for the filing delay. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a

---

[3] The administrative judge determined that the presumption of receipt should apply based on the protestations of the appellant's representative that he did not recall receiving the FAD, and the lack of any information about when either he or the appellant discovered the FAD was issued. ID at 5.

party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The appellant bears the burden of proof with regard to timeliness, which she must establish by preponderant evidence. 5 C.F.R. § 1201.56(a)(2)(ii).

¶6        An employee who timely files a formal complaint of discrimination with her employing agency regarding a matter that is within the Board's jurisdiction may file an appeal with the Board. *See* 5 C.F.R. § 1201.154(b)(1); 29 C.F.R. § 1614.302(d)(1)(ii). For such an appeal to be considered timely, it must be filed within 30 days after the employee receives the FAD. *See* 5 C.F.R. § 1201.154(b)(1)-(2). Under the Board's regulations, the appellant is deemed to have received the agency's decision if it was received by her designated representative. 5 C.F.R. § 1201.22(b)(3).

¶7        In this case, it is undisputed that the agency failed to serve the appellant properly. In determining whether the appellant filed her appeal late, the administrative judge relied entirely on the presumption that the appellant's representative received the FAD 5 days after the agency purportedly mailed it on February 1, 2011.[4] ID at 5. However, we find no evidence in the record proving

---

[4] Although the issues of timeliness and jurisdiction in restoration appeals may be inextricably intertwined when the resolution of the timeliness issue depends on whether the appellant was subject to an appealable action, this is not the case here. *See Delalat v. Department of the Air Force*, 103 M.S.P.R. 448, ¶ 9 (2006).

that the agency actually mailed the FAD to the appellant's representative on February 1, 2011. This lack of evidence is significant considering that the agency in this case is the United States Postal Service, the FAD was not accompanied by certification that a named individual mailed the document to the appellant's representative on February 1, 2011, and he claims to have no recollection of receiving the FAD. *See Butler v. Department of Veterans Affairs*, 119 M.S.P.R. 112, ¶ 10 (2013). Moreover, in the acknowledgment order, the administrative judge should have ordered *both* parties to provide evidence and argument concerning the actual receipt date of the FAD or issued a show cause order limited to timeliness and obtained additional evidence from both parties to resolve the ambiguity regarding the actual receipt date. *See Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 646-47 (Fed. Cir. 1996). The Board will not simply assume that the agency mailed the FAD to the appellant and her representative on February 1, 2011, and that he received it 5 days later, because there is no specific evidence that *either* action actually occurred. *See Butler*, 119 M.S.P.R. 112, ¶ 10. We nonetheless agree with the administrative judge's decision to dismiss the appeal as untimely filed, because we find that the appellant was required to file her appeal diligently once she learned that she could file, and she failed to do so. *See McCurn v. Department of Defense*, 119 M.S.P.R. 226, ¶ 8 (2013).

¶8      As noted by the administrative judge, the appellant is an experienced litigant who is clearly aware of her Board appeal rights, and her designated representative acted on her behalf in several appeals before the Board. ID at 2-3. Although the appellant certified on her appeal form that she received her copy of the FAD on October 27, 2014, the record includes a July 5, 2014 letter to an EEOC administrative judge from the appellant's representative indicating that the agency gave her appeal rights in four cases, including the case underlying this appeal, and stating that she "had no other recourse but to appeal to the Board." IAF, Tab 8 at 14. Based on this evidence, we find that the appellant and her

representative knew that she could appeal to the Board on July 5, 2014, but she failed to act diligently and waited more than 3 months before filing her appeal with the Board on October 27, 2014.[5]  IAF, Tab 1, Tab 8 at 10, 14.  The appellant thus has failed to demonstrate good cause for this delay.  *See Alonzo*, 4 M.S.P.R. at 184.  We therefore find that the administrative judge properly dismissed this appeal as untimely filed without good cause for the delay.[6]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

---

[5] The record also includes a September 14, 2014 order from an EEOC administrative judge notifying the appellant and her representative of the February 1, 2011 FAD and of her right to file an appeal with the Board.  IAF, Tab 8 at 10; *see* IAF, Tab 5 at 2.

[6] Given our disposition, we need not address whether the administrative judge's alternative findings on collateral estoppel are correct.

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 	_____
	William D. Spencer
	Clerk of the Board

Washington, D.C.