## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBIN BROWN,
      Appellant,

    v.

NATIONAL CREDIT UNION
    ADMINISTRATION,
      Agency.

DOCKET NUMBER
PH-0432-19-0213-I-1

DATE: March 28, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Robin Brown, Wilmington, Delaware, pro se.

Shamar R. Cowan, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed without good cause shown for the delay. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

By decision dated March 5, 2019, the agency removed the appellant effective March 8, 2019, from her position of CU-12 Principal Examiner for performance reasons under the provisions of 5 U.S.C. chapter 43. Initial Appeal File (IAF), Tab 5 at 35-40. On April 10, 2019, the appellant filed the instant Board appeal challenging her removal and indicating that she received the agency's decision on March 11, 2019. IAF, Tab 1 at 1, 6. The administrative judge issued a timeliness order, stating that the appeal appeared to be untimely and informing the appellant of the general timeliness standards. IAF, Tab 3 at 2-4. He ordered both the appellant and the agency to file evidence and argument on the issue. *Id.* at 3-4. The appellant did not respond within the deadline, and the agency moved to dismiss the appeal as untimely filed. IAF, Tab 5. It submitted evidence showing that the decision letter was delivered to the appellant's home address via Federal Express on March 6, 2019. *Id.* at 42.

The administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the delay. IAF, Tab 7, Initial Decision (ID). The administrative judge found that, because the appellant received the agency's decision before its effective date, the 30-day filing period

began to run on March 8, 2019, the effective date of the removal.  ID at 3.  He further found that the appellant failed to offer any evidence to show that the appeal was timely filed or that good cause existed to justify a waiver of the filing deadline.  ID at 4.

The appellant has filed a petition for review, arguing that, although the agency's decision was delivered on March 6, 2019, she did not actually receive it until March 11, 2019, because she had been traveling abroad.  Petition for Review (PFR) File, Tab 1 at 4-5.  The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

Under 5 C.F.R. § 1201.22(b)(1), an appeal must be filed no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  In this case, the filing date of the appeal, April 10, 2019, is undisputed.  IAF, Tab 1; *see* 5 C.F.R. § 1201.4(*l*) ("The date of filing by e-filing is the date of electronic submission.").  Therefore, the timeliness issue hinges on the date that the appellant received the agency's decision, a matter which is in dispute and upon which the appellant bears the burden of proof.  *See* 5 C.F.R. § 1201.56(b)(2)(i)(B).

In his initial decision, the administrative judge found that "[b]ecause the appellant received the letter of decision on March 6, 2019, and the effective date of her removal was March 8, 2019, the appeal deadline runs from her date of removal."  ID at 3.  However, the only evidence that the appellant received the decision letter on March 6, 2019, was a Federal Express delivery notification showing that the letter had been delivered to her address on that date.[2]  IAF, Tab 5 at 42.  Although this delivery notice created a rebuttable presumption that

---

[2] Along with its response to the timeliness order, the agency submitted a copy of a March 5, 2019 email from the deciding official to the appellant at her work email address that included an "advance copy" of the decision letter.  IAF, Tab 5 at 44.  The appellant, however, was on leave during this time, and there is no indication that she was monitoring her work email.  PFR File, Tab 1 at 5.

the appellant received the letter on March 6, 2019, *see* 5 C.F.R. § 1201.22(b)(3), the appellant rebutted this presumption by certifying on her appeal form that she did not actually receive it until March 11, 2019,[3] IAF, Tab 1 at 6; *see Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶¶ 7, 11 (2009) (finding that the appellant's statement on his appeal form as to the date of receipt of the agency's removal decision, coupled with supporting circumstantial evidence, was sufficient to rebut the presumption of receipt in the due course of the mail). In the absence of actual receipt of the agency's decision on March 6, 2019, the administrative judge effectively charged the appellant with constructive receipt on that date.

Under 5 C.F.R. § 1201.22(b)(3), an appellant may be deemed to have constructively received documents under certain circumstances. *Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶¶ 7-8 (2017). This regulation provides as follows:

> An appellant is responsible for keeping the agency informed of his or her current home address for purposes of receiving the agency's decision, and correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee. While such a presumption may be overcome under the circumstances of a particular case, an appellant may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service. The appellant may also be deemed to have received the agency's decision if it was received by a designated representative or a person of suitable age and discretion residing with the appellant.

5 C.F.R. § 1201.22(b)(3).

Thus, an appellant may be deemed to have received an agency's decision letter if actual receipt was frustrated by her intentional or negligent actions, or if the decision letter was actually received by certain other persons. We find it inappropriate at this time to charge the appellant with constructive receipt of the

---

[3] The delivery notice specifically states "[s]ignature not required" and that the package was "[l]eft at front door." IAF, Tab 5 at 42.

agency's decision because the timeliness order, the initial decision, and the agency's filings did not apprise her of the applicable legal standard. IAF, Tabs 3, 5; ID. Before an appeal can be dismissed on timeliness grounds, the appellant must receive notice of the specific timeliness issue presented by the circumstances of her case. *Farooq v. Corporation for National and Community Service*, 109 M.S.P.R. 73, ¶ 12 (2008).

Because the administrative judge dismissed the appeal on timeliness grounds without affording this pro se appellant the required notice, we have considered the evidence and argument that she has filed for the first time on petition for review. *See Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 642, 646-47 (Fed. Cir. 1996) (considering evidence related to timeliness that the appellant submitted for the first time on review when the initial decision was the first notice she had of the delivery presumptions on which the administrative judge relied in finding her appeal untimely). Reviewing the parties' submissions, it is apparent that neither one of them fully complied with the administrative judge's timeliness order. The appellant did not respond to the order at all, and the agency provided only a portion of the relevant evidence in its possession. IAF, Tab 3 at 4, Tab 5; PFR File, Tab 3. The Board now has a more complete picture of the facts and circumstances surrounding the timeliness issue than the one that was available to the administrative judge.

The record shows that the appellant maintains three different residences— one in Delaware, one in Georgia, and one in Pennsylvania, although her Delaware residence seems to be the primary one and was the address that she designated with the agency for purposes of receiving the decision letter. PFR File, Tab 1 at 5, Tab 3 at 11. In addition to sending its decision letter to the appellant's work email on March 5, 2019, and by Federal Express to her Delaware address on March 6, 2019, the agency also sent copies of the letter by mail to the appellant's Delaware, Georgia, and Pennsylvania addresses. IAF, Tab 5 at 45; PFR File, Tab 1 at 5, 10, Tab 3 at 16. These letters arrived on or about March 8, 2019.

PFR File, Tab 1 at 10, Tab 3 at 16. The Delaware letter was signed for by an unidentified individual other than the appellant. PFR File, Tab 3 at 16. The Georgia letter was not delivered because there was no authorized individual available to receive it. PFR File, Tab 1 at 10. A notice was left on the door, and the letter was returned to the local postal facility for pickup. *Id.* at 5, 10. The appellant returned from her trip abroad and arrived at her Georgia residence later that day. She discovered the notice shortly before midnight on Friday, March 8, 2019. *Id.* at 1. The appellant went to the post office and retrieved the letter the following Monday, March 11, 2019. *Id.* at 5, 10.

The current record, therefore, appears to corroborate the appellant's statement on her appeal form that she did not actually receive the agency's decision letter until March 11, 2019. However, it may also support a finding of constructive receipt prior to that date to the extent that the appellant was negligent in failing to retrieve the Georgia decision letter from the post office at her earliest opportunity, *see Little*, 124 M.S.P.R. 183, ¶¶ 7-10 & n.2 (finding an appellant constructive received a document that he was expecting on the date it was delivered to his post office box), or to the extent that either the Federal Express delivery or the mailing to her address of record was received by a person of suitable age and discretion residing with the appellant, *see Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 7 (2014) (concluding that an appellant constructively received a removal decision sent to his address of record and signed for by his father). Nevertheless, because the appellant had not received specific notice of the precise timeliness issue in her case at the time she filed her petition for review, and she has not yet had a full and fair opportunity to litigate it, we decline to make any findings on the timeliness issue at this time. *See Wright v. Department of Transportation*, 99 M.S.P.R. 112, ¶ 13 (2005) (remanding an appeal for the administrative judge to give clear notice to an appellant of the precise timeliness issue involved in his appeal). We find it most appropriate to remand the appeal for the administrative judge to make these

findings in the first instance after affording the parties an additional opportunity to file evidence and argument relevant to the specific issues of timeliness presented in this case.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.